## JOE SHAFIR v. MARTIN CARROLL and KANSAS CITY, Appellants.

### In Banc, July 3, 1925.

SIDEWALK: Obstruction: Failure to Remove: Injury to Pedestrian in Street. A sidewalk in front of a lot, in the midst of a populous part of the city, had been removed or covered up by persons who excavated the lot for the basement of a building to be erected. The excavation having been completed, a contract was entered into with one of the defendants to construct a building. He received no permit from the city to obstruct the sidewalk, but without restor-

ing it or removing the obstruction proceeded with the work of constructing the building, and piled certain materials and constructed a tool house in that part of the street next to the obstruction. The plaintiff was one of four pedestrians who passed up the street to the point where earth and other obstructions were piled upon the sidewalk, and there turned aside into that part of the paved street which lay between a street railway and the obstructions, and a recklessly-driven automobile, approaching from behind, struck plaintiff and inflicted the personal injuries for which he sues the contractor and the city. An ordinance provided that no portion of a street should be used in the erection or repair of a building upon land abutting thereon until a permit should be obtained from the Superintendent of Buildings, and that no part of the street, other than that so allotted by the permit, should be used for depositing material or rubbish thereon, and if so deposited it should be removed as the Superintendent might direct, and no such permit was issued, and no such direction given. The ordinance was admitted in evidence. A verdict was returned and judgment rendered against both defendants, and both appeal. The opinion states: (a) that the ordinance was properly admitted in evidence; (b) that the ordinance was but declaratory of the common-law, which made it the duty of both the contractor and city to preserve the sidewalk in a reasonably safe condition for travel, and thereby maintain a separation of pedestrians and vehicles; (c) that the ordinance was not ineffective because the Superintendent did not require the obstruction to the sidewalk to be removed, nor because the contractor did not apply for and obtain a permit to maintain the obstruction; and (d) that both the contractor and city should have anticipated that pedestrians under such circumstances would turn aside into the paved street and were liable to be struck by rapidly moving automobiles. But a majority of the judges do not concur in the opinion, but a majority do concur in affirming the judgment. [See companion cases of Lindman v. Carroll, 308 Mo. 187, and Lindman v. Kansas City, 308 Mo. 161.]

Corpus Juris-Cyc. References: Customs and Usages, 17 C. J., Section 35, p. 476, n. 85. Municipal Corporations, 28 Cyc. p. 388, n. 99; p. 1344, n. 47; p. 1436, n. 13; p. 1482, n. 91; p. 1500, n. 20. Negligence, 29 Cyc. p. 439, n. 65.

Appeal from Jackson Circuit Court.—*Hon. James H. Austin*, Judge.

AFFIRMED.

*McCune, Caldwell & Downing* for appellant Carroll.

(1) The court erred in admitting Section 217 of Ordinance 38919; in refusing to strike said section from the evidence; in refusing to give defendant Carroll's Instruction 10, and in giving plaintiff's Instruction 1, because said Section 217 did not require the erection of a temporary walk for the use of pedestrians, the same not having been directed by the Superintendent of Buildings. Schwarz v. Railroad Co., 58 Mo. 209; State ex rel. v. St. Louis, 158 Mo. 510; Leslie v. Mining Co., 110 Mo. 38; Kerr v. Mfg. Co., 155 Mich. 191; Foley v. Machine Wks., 149 Mass. 297.   (2) The court erred in refusing Carroll's offer to prove by himself and by Harry Stivers, James Taylor and E. L. Winn that Ordinance No. 38919 had not been construed by the city as requiring the erection of a way for the use of pedestrians, under the circumstances detailed here; that it had not been the custom in Kansas City for many years to construct a temporary walk under such circumstances, and that the material piled in the street was not an excessive or unreasonable amount.   State ex rel. v. Cupples Station L. & P. Co., 283 Mo. 144; State ex inf. v. Breuer, 235 Mo. 248; United States v. Hill, 129 U. S. 169, 30 L. Ed. 627.   (3) The court erred in giving plaintiff's Instruction 3, because said instruction authorized a verdict against the defendant Carroll without requiring the jury to find that Carroll's negligence, if any, was the proximate cause of plaintiff's injury.   21 Harvard Law Review, 234; Thompson v. City of Slater, 197 Mo. App. 261; Foley v. McMahon, 114 Mo. App. 442; Storey v. Mayor of City of New York, 51 N. Y. Supp. 580, 29 App. Div. 316; Gillman v. Noyes, 57 N. H. 627; Gulf Cooperage Co. v. Abernathy, 54 Tex. Civ. App. 137; Lemos v. Madden, 28 Wyo. 11; Atlantic Coast Line Ry. Co. v. Daniels, 8 Ga. App. 775; Martin v. Ry. Co., 55 Ark. 521; Pittsburgh Reduction Co. v. Horton, 87 Ark. 576; Texas & P. Ry. Co. v. Bingham, 98 Tex. 223; McCleary v. Sioux City Ry. Co., 3 Nebr. 44; Trapp v. McClelland, 74 N. Y. Supp. 120, 68 App. Div.

362; Schoultz v. Eckhardt Mfg. Co., 112 La. 568; Marsh v. Great Northern Paper Co., 101 Me. 484.

*T. J. Madden, Achtenberg & Rosenberg, Darius A. Brown* and *John G. Park* for respondents.

There was no error in the rulings complained of. (1) It was the duty of Carroll and the city to exercise ordinary care to preserve the sidewalk in a reasonably safe condition for travel, and to maintain the division of traffic between pedestrians and vehicles. Shafir v. Sieben, 233 S. W. 423. This was the primary non-delegable duty of the city. Boyd v. Kansas City, 291 Mo. 622; Welsh v. St. Louis, 73 Mo. 71; Russell v. Columbia, 74 Mo. 480; Norton v. St. Louis, 97 Mo. 537. (2) Section 217 of Ordinance 38919, and the building permit, required a substitute sidewalk, if the original was destroyed. Carroll could not wait for demand by the city officials before doing his duty. Willy v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536; McRicard v. Flint, 114 N. Y. 224; Adams v. Ayer, 192 Ill. 614; Rose v. King, 49 Oh. St. 213, 15 L. R. A. 160; 29 Cyc. 439. These regulations are for the benefit of the public. Ward v. Dry Goods Co., 248 Mo. 348; Smith v. Exchange, 91 Wis. 360. (3) The testimony offered was inadmissible. Ordinance No. 5763, sec. 3, required Carroll to procure a permit from the Commissioner of Street cleaning before depositing material on the street. Ordinance 38919, sec. 217, required Carroll "to erect and maintain during the occupancy of the public streets a way for the use of foot passengers at such time and in such manner as said superintendent may direct." This required Carroll to proceed at once, and not wait for instructions from the superintendent of buildings. Authorities supra. The application for building permit pledged Carroll's obedience to city ordinances and the requirements of the Superintendent of Buildings. The permit prohibited use of more than one-third of the roadway and more than one-half of the sidewalk provided that if the entire sidewalk should

be removed, another should be maintained "as the Superintendent of Buildings may 'direct and provide.." These requirements were not complied with. Their violation created an actionable public nuisance. 1 Shearm & Redf. on Neg. (6 Ed.) secs. 13, 13A; 2 Shearm & Redf. on Neg. (6 Ed.) sec. 365.

WOODSON, J.—This case is a companion case of Lindman v. Carroll, 308 Mo. 187, which grew out of the same tragedy that is mentioned in the case of Lindman v. Kansas City, 308 Mo. 161, decided at this term of court. While Carroll was a co-defendant in the case with Kansas City, and both cases were tried together in the circuit court, yet there were separate appeals taken by each of said defendants. I refer to the case of Lindman v. Kansas City, 308 Mo. 161, decided at this term of this court, which also grew out of the same catastrophe, at the same time and produced by the same causes as this injury was caused, where the curious may find a brief statement of the allegations of the petition, and substantial statement of the facts of the case as shown by the evidence.

The principles of law applicable to the case are there also fully discussed and decided, with the exception of some additional questions presented and argued by counsel for appellant Carroll.

I.   Counsel for appellant first contend that the trial court erred in admitting Section 217 of Ordinance 38919; in refusing to strike said section from the evidence; in refusing to give defendant Carroll's Instruction 10, and in giving plaintiff's Instruction 1, because said Section 217 did not require the erection of a temporary walk for the use of pedestrians, the same not having been directed by the Superintendent of Buildings.

All of this group of contentions are directed at the admission of Section 217 of Ordinance No. 38919, or the contended legal effect of Instruction 1 given for the respondent, and the action of the court in refusing to give Instruction 10 for the appellant.

In my opinion there is no merit in these contentions, and my reason for so saying is twofold: (1) It was the duty of the city and Carroll to exercise ordinary care to preserve the sidewalk in a reasonably safe condition for travel, and thereby maintain a separation of pedestrians and vehicles, which are more or less dangerous when they mingle with pedestrians. That is the very purpose of constructing sidewalks for pedestrians, and constructing driveways for vehicles of all kinds.

This was the primary and non-delegable duty of the city. This failure of a division of the different kinds of traffic, or rather the destruction of such division and throwing both into hodge-podge, was the primary and direct cause of the injury in all of these cases, and when Carroll assisted in creating that condition he became a joint tortfeasor with the city.

There is nothing new or extraordinary in this class of cases. They involve most ordinary common-law negligence. Ordinary common observation teaches us that when the sidewalk in a populous city is destroyed and the place where it was located is obstructed by building or other materials, the pedestrians in order to pass around such materials will walk out into the driveway of the street, and thereby expose themselves to the dangers of being struck by passing vehicles. While it was negligence on the part of the defendants to thus force pedestrians out into the driveway of the street, yet the danger incident thereto was not so obvious and glaring as to have prevented an ordinarily prudent person from so doing.

Any person of common knowledge and prudence should have anticipated this injury, and Mr. Carroll and the city, through its officers and agents, should be held liable for this negligence, and that, too, under the common law, and in my opinion the ordinance is only the declaration of the common law of negligence in different language. The following cases support the foregoing observations: Boyd v. Kansas City, 291 Mo. 622; Welsh v. St. Louis, 73 Mo. 71; Russell v. Columbia, 74 Mo. 480, 490; Norton v. St. Louis, 97 Mo. 537, 541.

This common-sense view of the matter was unquestionably the cause of the enactment of the ordinance.

II. Nor do I think that there is any merit in the contention that the ordinance was ineffective because the Superintendent of Buildings did not require the substitute sidewalk to be constructed in lieu of the original one which was removed, for the reason it was the duty of those who remove a sidewalk or obstruct it, to apply for and procure the permission of the Superintendent before they do so, and they may be arrested and fined for so doing, if they do not get the permit. If the law was otherwise, then the sidewalk could be destroyed or obstructed by any person, and the guilty one might go free if some city officer did not happen to see him commit the crime, in which case he would be taking advantage of his own wrong, and thereby shield himself from all liability for all damages unlawfully and negligently inflicted upon his fellow man, just as is so unjustly attempted in this case. All of these contentions are decided against the appellant. [Willy v. Mulledy, 78 N. Y. 310; McRickard v. Flint, 114 N. Y. 224; Arms v. Ayer, 192 Ill. 601, 614; Rose v. King, 49 Ohio St. 213; 29 Cyc. 439.] Such ordinances should receive a liberal construction because they are enacted for the benefit and protection of the public.

III. The refusal of the court to permit Carroll to prove that it had not been the custom for years to construct temporary sidewalks in such cases as this, was not error. Custom never repeals a valid law, common or statutory, designed for the protection of the public. See authorities before cited under paragraph one and two.

IV. Respondent's Instruction 3 was expressly authorized by this court in the case of Shafir v. Sieben, 233 S. W. 419. [Daneschocky v. Sieble, 195 Mo. App. 470; Adelman v. Altman, 209 Mo. App. 583; Buckner v. Horse & Mule Co., 221 Mo. 700; Harrison v. Light Co., 195 Mo. 606.]

V.   The evidence made a prima-facie case for the respondent and it was the duty of the court to submit the case to the jury.   [Shafir v. Sieben, 233 S. W. 419, 423-4; Adelman v. Altman, 209 Mo. App. 583; Daneschocky v. Sieble, 195 Mo. App. 470.]

VI.   The foregoing disposes of all the additional points presented by counsel for Carroll, except some subsidiary questions which cannot change the result reached by the court.

The judgment is affirmed.   All concur, except *Graves, C. J., David E. Blair* and *Ragland, JJ.,* who dissent; *Atwood, J.,* concurs in the result only.