SAM B. STROTHER, PUBLIC ADMINISTRATOR, ADMINISTRATOR OF THE
ESTATE OF DAVE DANESCHOCKY, DECEASED, RESPONDENT, v. HENRY
SIEBEN, RALPH J. SMILEY, MARTIN J. CARROLL, CLEM B. ALTMAN,
and KANSAS CITY, MISSOURI, A MUNICIPAL CORPORATION, DEFEND-
ANTS, KANSAS CITY, MISSOURI, APPELLANT.*

Kansas City Court of Appeals. January 11, 1926.

1.—Instructions—In Action for Death of Pedestrian Killed by Automobile
While Walking Around Building Materials in Street, Instructions Ignoring
Duty of City to Maintain Division of Traffic Between Pedestrians and Ve-
hicles Held Erroneous.   In action for death of pedestrian killed by automo-
bile while walking around building materials in street, instructions of city
as to its right to permit property owner to use reasonable portion of street
for construction of building, if sufficient portion thereof was left open, ig-
nored duty of city to maintain division of traffic between pedestrians and
vehicles and were erroneous.

2.—Same—Instruction Denying Recovery if City Could Not Have Foreseen
Very Injury Complained of Technically Wrong as It Was Liable for Natural
and Probable Consequences of its Acts.   In action for death of pedestrian,
struck and killed by automobile while walking around building materials in
street, instruction denying recovery even if city permitted condition to exist,
unless injury to deceased at time and place thereof could have been reason-
ably anticipated, held technically wrong as city was not required to foresee
very injury complained of but was liable for natural and probable conse-
quences of its acts.

3.—Negligence—Liability for Negligence Does Not Depend on Question
Whether Very Injury Complained of Could Have Been Foreseen, But May
Occur Where It is Result of Natural and Probable Consequences of Negli-
gent Act.   The liability of a person charged with negligence does not de-
pend on question whether, with exercise of reasonable prudence, he could
or ought to have foreseen the very injury complained of, but he may be held
liable for anything which, after the injury is complete, appears to have been
natural and probable consequences of his act.

4.—New Trial—Trial Judge Vested with Sound Discretion When Granting
New Trial on Ground of Misleading Instructions.   Trial judge is vested with
a sound discretion when granting a new trial on ground of misleading in-
structions.

*Corpus Juris-Cyc. References: Municipal Corporations, 43CJ, p. 1019,
n. 72; p. 1305, n. 27; p. 1309, n. 61; Negligence, 29Cyc, p. 495, n. 64, 65, 66;
New Trial, 29Cyc, p. 1009, n. 54; Trial, 38Cyc, p. 1632, n. 10.

Appeal from the Circuit Court of Jackson County.—Hon. O. A.
Lucas, Judge.

AFFIRMED.

*Phineas Rosenberg, Darius Brown* and *John G. Park* for respondent.

*Solon T. Gilmore* and *John Wendorff* for appellant.

BLAND, J.—This is a suit for the wrongful death of Dave Daneschocky. There was a verdict and judgment in favor of defendants. The court granted plaintiff a new trial as against all of the defendants but defendant, Kansas City alone has appealed.

Deceased died as the result of being struck by an automobile on January 9, 1916, at Fifteenth street and Troost avenue, in Kansas City, Missouri. He was walking on Fifteenth street with a number of other young persons who were returning home from a social gathering when a number of them were injured and others killed. The facts concerning this tragedy have been so often described in detail by the appellate courts of this State that it is unnecessary to further burden the reports with a re-statement of them. [See Adelman v. Altman, 209 Mo. App. 583; Lindman v. Altman, 271 S. W. 512; Lindman v. Kansas City, 271 S. W. 516; Shafir v. Carroll (1st and 2nd cases) 274 S. W. 755.]

The suit in the case at bar was brought against Sieben, owner of the automobile, Smiley, its driver, Carroll, the contractor, Altman, the property owner, and Kansas City. The verdict was in favor of all defendants. The court granted a new trial as against Kansas City for error in giving the following instructions:

"KVa. The court instructs the jury that before plaintiff can recover in this case against the defendant Kansas City, it must appear that some negligent act of Kansas City either alone or in conjunction with the negligent act or acts of some of the other defendants herein occasioned the injury to deceased. It is not enough that the city may have permitted a condition to exist if it did so exist without which deceased or persons using said street under the same or similar circumstances would not have been injured while using said street under the same or similar circumstances which deceased was using it at the time and place of *his said injuries* unless *such injury* could have been reasonably anticipated by a reasonably prudent person as the natural and probable result of such condition. If, therefore, in this case you find that deceased would not have walked into the street where it is alleged he was injured but for the building material put there by defendant Carroll, plaintiff cannot recover against the city unless you find a reasonably prudent person under the same or similar circumstances would have anticipated that persons using said street under the same or similar circumstances shown in evidence would have been injured as the natural and probable result of permitting said building material

to remain in said street, and your verdict will be for defendant Kansas City.'' (Italics ours.)

"XVII. The court instructs the jury that the city had a right to permit a property owner to use a reasonable portion of the street for the construction of a building provided a sufficient portion of the street is left open and reasonably safe provisions made for persons to travel and to pass over in safety.''

"If, therefore, you find from the evidence that notwithstanding the excavation of the sidewalk space at the southeast corner of Fifteenth street and Troost avenue, and the piling of building material in the street, there was not an excessive amount of building material in the street sufficient to make the street unsafe for foot travelers at the time of plaintiff's alleged injury, then Kansas City was not negligent and your verdict will be for Kansas City.''

"XXI. The court instructs the jury that the city may temporarily withdraw a part of a public street from travel and it may permit a property owner in the construction of a building on his property to make a reasonable use of a part of the street in front of his property for the storage of building material, while the work goes on, and if reasonable notice is given of such withdrawal from travel of such part of such street, either by barricades or lights or the material itself, then invitation to use such part of the street is withdrawn and persons desiring to travel such street may use only that part of the street not withdrawn from travel, and while using such part still left open for travel they are required by law to use reasonable care to protect themselves from injury, and if the lack of such care on the part of one of such travelers causes them to be injured, the city is not responsible for such injury. If, therefore, you find from the evidence that no more than a reasonable amount of the street, such as was needed by the nature of the structure in process of erection was withdrawn from travel, and that reasonable notice of such withdrawal was given to the public, before the injury to the plaintiff, by lights and barricades or the material itself in that portion of the street so withdrawn at the time of the injury to deceased and deceased was injured by his own negligence, *if so,* you are further instructed that there can be no recovery in this case as to the city and your verdict will be for the defendant, Kansas City.''

Defendant, Kansas City, insists that there was no error in the giving of the instructions mentioned. Plaintiff insists that there was error and assigns as against instructions Nos. XVII and XXI that they are erroneous because, among other things, they ignore and attempt to nullify the duty of the city to maintain the division of traffic between pedestrians and vehicles. There is no doubt but that they ignore such division of traffic and the only question is

whether they are erroneous in this respect. A determination of this point depends upon the construction of the decisions of the Supreme Court in Shafir v. Sieben, 233 S. W. 419, Lindman v. Kansas City, supra, Adelman v. Altman, supra, Lindman v. Altman, supra, and Shafir v. Carroll, supra. There are only two of these cases, to-wit, Shafir v. Sieben, and Lindman v. Altman, in which the opinions were concurred in by the majority of the court, but we do not think that we are confined in our effort to find out the latest ruling of the Supreme Court to those two cases, for the reason that the decisions in the other cases dispose of the appeals in those cases and while the opinions in them are not the opinions of the court, we think that they should be held to decide at least such matters that were necessary to be decided in order for the court to arrive at the conclusions reached by it.

It is difficult to construe together these five opinions of the Supreme Court. Counsel on both sides in oral argument stated that it was impossible to harmonize them, and upon examination of them we have arrived at the same conclusion. Two of these opinions were handed down March 12, 1925, and two others on May 23, 1925, and, as we shall hereinafter show, the decisions in at least two of these cannot possibly be harmonized. This condition is brought about by the failure of the majority of the court to write an opinion in three of the last-mentioned four cases. If the spirit of the Constitution, providing that opinions of appellate courts of this State shall be in writing, had been followed, this difficulty would not be present, as we, at least, would have had the last opinion of the court to follow. Under the circumstances whatever result we reach will unquestionably be unsatisfactory to the losing party and undoubtedly a writ of *certiorari* will be applied for, thus affording the Supreme Court, upon whom, under the circumstances, the primary duty ought to fall, an opportunity to harmonize, if possible, these opinions if it disagrees with us in our construction of them.

The appeal in the case of Lindman v. Altman, supra, was that of plaintiff from a verdict in favor of Carroll, the contractor. In that case the court held that the contractor could not be held for the obstruction of the sidewalk space but if at all, only for the placing of building material in the street and taking up slightly more than one-third of the roadway. The court considered ordinance No. 38919 concerning the taking out of a permit and providing for the erection and maintenance of a way for foot travelers where a public street is occupied by building materials. It was held that the way was not required until the superintendent of buildings determined when and the manner in which it should be built and as he had not determined the question, that that part of the ordinance had no application. In discussing whether Carroll

was liable for placing the building material in the street, and taking up slightly more than one-third of the roadway, the court held that plaintiff was not entitled to recover because there was no causal connection shown between the negligence of the defendant in occupying more of the roadway than the ordinance permitted, to-wit, more than one-third thereof, and the injury sustained by plaintiff, and that Carroll was entitled to a directed verdict. This opinion was concurred in by a majority of the court.

The opinion in Lindman v. Kansas City, handed down on the same day as that of Lindman v. Carroll, was concurred in by two judges, two concurred in the result and three dissented, therefore, the opinion was not that of the court. That appeal involved the appeal of Kansas City from a judgment against it in the same case. The negligence alleged in the petition in Lindman v. Kansas City, as against the city, was that an unreasonable amount of material had been placed in the street by Carroll and that ordinances had been violated by him, pertaining to taking out a permit for the making of cuts and excavations in or under any street, sidewalk or public place and concerning the obtaining of a permit for placing building materials on sidewalks and streets, and that the property owner and Carroll had violated these ordinances; that Kansas City in the exercise of ordinary care could have known of the excessive amount of material placed in the street, which it was alleged constituted a nuisance, in time to have moved and abated the same before plaintiff's injury. The opinion holds, among other things, that plaintiff was negligently forced into the street by reason of the obstruction of the sidewalk and in violation of the ordinance for the erection of a temporary way, which was merely a re-enactment of the common law. The dissenting opinion, which was concurred in by three of the judges, points out the well-recognized rule of law that "a municipality incurs no liability for injury resulting from a failure on its part to exercise its governmental power in the enforcement of its ordinances." A majority of the court could have concurred in the result without intending to hold that the city would be liable under such circumstances, but might have concurred on the ground that the city knew of the excessive amount of material piled in and obstructing the street by Carroll, making it liable at common law regardless of the "division of traffic" rule.

The case of Shafir v. Carroll, 274 S. W. 755, was intended as merely a restatement of what was said by the judge who wrote the opinion in the case of Lindman v. Kansas City, supra, and throws no light upon the subject. The opinion in that case, as in Lindman v. Kansas City, was not concurred in by all of the court, four judges concurred therein but one in the result only.

The second case of Shafir v. Carroll, 274 S. W. 755, did not involve the question of the liability of the city and it is the city's case that we now have before us. That case involved merely the liability of Carroll but as the majority of the Supreme Court held that Carroll was liable, that decision is directly in conflict with the decision in Lindman v. Altman, but it does not refer to the latter case or purport to overrule it. The writer of the opinion in Shafir v. Carroll (second case) states that Carroll violated the ordinance providing for a temporary walk for the use of pedestrians although the walk was not directed to be built by the Superintendent of Buildings. It also held that Carroll was liable for forcing pedestrians into the street and for failure to provide a temporary walk for them under the common law. This opinion was not concurred in by a majority of the court, three judges concurred in it but one in the result only.

It is apparent from the decision in the second case of Shafir v. Carroll, which is the last decision of the Supreme Court, that the judge who concurred in the result reached his conclusion either upon the statement that Carroll was liable for disobeying the ordinance or was liable at common law for obstructing the sidewalk. Of course, the contractor could be held liable for disobeying the ordinance while the city at the same time might not be liable, for the reason given in the dissenting opinion of Judge RAGLAND in the case of Lindman v. Kansas City, to the effect that the city is not liable for the failure to enforce its ordinances. So, it would seem that the decision in the second case of Shafir v. Carroll, throws very little light upon the subject that we now have under consideration. It is, therefore, necessary for us to revert to the decision in the case of Lindman v. Kansas City, which does not help the situation very much, for the reason that the conclusion could have been reached in that case on the ground that the city was liable at common law for failure to remove the excessive material placed in the street by Carroll. What was said in Lindman v. Altman, is not to be considered for the reason that that case was in effect necessarily overruled in the second case of Shafir v. Carroll.

We, therefore, look to the first one of these five cases that came to the Supreme Court, that of Shafir v. Sieben, 233 S. W. 419. In that case the Supreme Court had before it merely the allegations of the petition, the demurrers of Kansas City, the property owners and Carroll to the petition having been sustained by the lower court. The petition in that case alleged in substance that Carroll and the property owners "had, with the knowledge of the defendant city, completely obstructed the sidewalk on the south side of Fifteenth street east of Troost avenue with building materials piled upon it, and which extended from the sidewalk nearly to the center of

Fifteenth street;'' that plaintiff by reason of the obstruction was compelled to go into Fifteenth street to pass around it, resulting in his being struck by the automobile that was being driven by Smiley. In discussing the allegations of the petition, the court said, l. c. 423,—

"The law divides the streets of cities into separate ways for the accommodation of footmen and vehicles, . . . The duty of the city to maintain the sidewalk in a safe condition for the use of footmen rests principally upon the necessity of preserving them from the inconvenience and danger of mingling with the traffic that resulted in this particular injury."

And at l. c. 424—

"The duty to keep the sidewalk free from unnecessary and unreasonable obstruction is imposed for the special benefit of pedestrians using it, or attempting to use it, in traveling along the street, and the plaintiff belonged to this class. When he was unlawfully excluded from the use of the sidewalk and compelled to go into the street, he was deprived of a right to which he, as well as all others similarly situated, was lawfully entitled, and is also entitled to such damages as may have been the proximate result thereof. The thing that happened was the very thing from which the imposition of this duty was designed to protect plaintiff."

The opinion in this case (Shafir v. Sieben) was concurred in by a majority of the Supreme Court and was, therefore, the opinion of the court. It does not refer to any ordinance requiring the erection of a temporary sidewalk where it has been obstructed or destroyed but seems to hold that under the common law the city was under the duty to maintain the division of traffic between pedestrians and vehicles. That case has never been overruled or criticised by any controlling opinion or decision of the Supreme Court and there is nothing in the four cases following it (unless in the case of Lindman v. Carroll, which, as before stated, has been overruled by the Supreme Court) that necessarily overruled what was said in the opinion in that case. We, therefore, must follow it and hold that the giving of the city's instructions Nos. XVII and XXI was error. What was said in Shafir v. Sieben, is in effect reiterated by the court in Shafir v. Carroll, and the judge who concurred in the result in the last-named case may have put his concurrence upon that feature of the Shafir-Carroll opinion.

Plaintiff claims that certain other instructions given by the court are erroneous for the same reason as is assigned against the two instructions under consideration. It is only necessary for us to mention them. They are the city's instructions Nos. 3 and 15. We think that they are subject to the criticism that they tend to mislead the jury for the reasons assigned.

Instruction XVa we think is technically wrong. It is well settled that:

"The liability of a person charged with negligence does not depend on the question whether, with the exercise of reasonable prudence, he could or ought to have foreseen *the very injury complained of;* but he may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act." [MacDonald v. Rd., 219 Mo. 468, 490, 491.] [See, also, Buckner v. Horse & Mule Co., 221 Mo. 700, 710; Shafir v. Sieben, supra, l. c. 423.]

Whether the instruction was in fact misleading, we need not say for the reason that the trial judge is vested with a sound discretion when granting a new trial on the ground of misleading instructions, he being better able to judge of the effect of the instruction on the jury than the appellate court. [Stafford v. Ryan, 276 S. W. 636; Ismert-Hincke Milling Co. v. Mercurio Bros. Spaghetti Mfg. Co., 243 S. W. 408, 410.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.