Porter S. Johnson, Appellant, v. City of Rockford, a Municipal Corporation, and Tom Harkey, d/b/a Harkey's Service Station, Appellees, and Sinclair Refining Co., a Corporation.

Gen. No. 11,566.

Second District, Second Division.

May 4, 1962.

Pedderson, Menzimer & Conde, of Rockford, for appellant.

Maynard & Maynard, and William E. Collins, of Rockford, for appellees.

WRIGHT, J.

This is a negligence action brought by the plaintiff, Porter S. Johnson, against the defendants, City of Rockford and Tom Harkey, d/b/a Harkey's Service

Station, to recover damages for personal injuries sustained by plaintiff who was struck by a moving automobile as he was walking in a public street in Rockford, Illinois. The driver of the automobile which struck plaintiff is not a party to this action. The defendant, Tom Harkey, filed a motion for summary judgment and the defendant, City of Rockford, filed a motion to strike plaintiff's amended complaint. Defendants' respective motions were granted and judgments entered thereon, from which judgments this appeal is taken.

Plaintiff's amended complaint consists of two counts. Count I prays judgment against defendant, City of Rockford, and Count II prays judgment against the defendant, Tom Harkey. The essential allegations of Count I of plaintiff's amended complaint are, as follows: The defendant, City of Rockford, was a municipal corporation and had possession and control of a certain public sidewalk on the north side of 23rd Avenue, extending for approximately 100 feet east from Kishwaukee Street; that it was the duty of the defendant city to keep this sidewalk free from obstructions so that it was passable and in a reasonable safe condition for use by pedestrians; that for a long time prior to the occurrence, said sidewalk beginning at Kishwaukee Street and extending easterly for approximately 100 feet, was obstructed by an ice bank of snow piled on said sidewalk rendering the same impassable and not in a reasonably safe condition for use by pedestrians, and that said bank of ice and snow was shoveled there by Tom Harkey, operating a service station at the corner of 23rd Avenue and Kishwaukee Street; that said bank of ice and snow had remained on said sidewalk for a long period of time and that the defendant city either had notice of the same or should have had notice of the existence of the same.

On February 23, 1959, at 6:15 a. m., plaintiff alighted from a bus near the corner of 23rd Avenue and

walked across Kishwaukee Street to the northeast corner of Kishwaukee Street and 23rd Avenue on his way to work; that at said time and place, said sidewalk being piled high with ice and snow rendered the same impassable and not in a reasonable safe condition. The plaintiff walked around the snow and ice to the street and walked along the side of the street and was struck by an automobile traveling in a westerly direction on said 23rd Avenue, causing plaintiff serious injuries; that plaintiff was in the exercise of due care for his own safety; that the defendant, City of Rockford, was guilty of one or more of the following negligent acts or omissions to act: (1) Allowing said sidewalk to be piled high with ice and snow and remain for a long time in said condition; (2) Allowing said sidewalk to be obstructed and to be in a dangerous and unsafe condition and to remain as such for a long time; (3) Permitted the sidewalk to be and remain piled high with ice and snow and in a dangerous condition so that the same obstructed the passage of pedestrians, although defendant knew or in the exercise of ordinary care should have known, that said condition existed and that pedestrians would be forced to walk in the street, and that said condition was dangerous to pedestrians and to plaintiff, and (4) That defendant failed to provide a safe place for the use of pedestrians. That as a direct and proximate result of the aforesaid negligence, plaintiff then and there suffered severe and permanent injuries; that within six months from the date of the occurrence, the plaintiff served the proper statutory notice upon the City of Rockford, Illinois; that plaintiff prays judgment in the sum of $50,000.

The essential allegations of Count II of the amended complaint are as follows: That at the time of the occurrence, the defendant, Tom Harkey, operated Harkey's Service Station at 2330 Kishwaukee Street

110

in Rockford, Illinois; that said service station had a large driveway and is situated at the northeast corner of 23rd Avenue and Kishwaukee Street, and that at the time of the occurrence and for a long time prior thereto, the defendant, Tom Harkey, had shoveled the snow and ice from the driveway of said service station and piled the same on the sidewalk along the side of 23rd Avenue so that the same was obstructed, inconvenient and unsafe for pedestrians; that for a long period of time prior to the occurrence, said sidewalk beginning at Kishwaukee Street and extending easterly for approximately 100 feet, was obstructed by a bank of ice and snow so shoveled and piled on the sidewalk by the said Tom Harkey, which large bank of ice and snow on the sidewalk rendered the same impassable and not in a reasonable safe condition for use by pedestrians.

That on February 23, 1959, at 6:15 a. m., plaintiff alighted from a bus near the corner of 23rd Avenue and walked along Kishwaukee Street to the northeast corner of Kishwaukee Street and 23rd Avenue on his way to his employment; that at said time and place said sidewalk being piled high with ice and snow rendering the same impassable and not in a reasonably safe condition, the plaintiff walked around the snow and ice to the street and walked along the east side of the street and was struck by an automobile going in a westerly direction on said 23rd Avenue causing the plaintiff serious injuries. That the defendant, Tom Harkey, was guilty of one or more of the following negligent acts: (1) Obstructed the sidewalk on the northerly side of 23rd Avenue, contrary to Section 544 of Chapter 38 of Illinois Revised Statutes, which provides, as follows: "It shall be unlawful for any person to wilfully or negligently obstruct, injure or destroy or render impassable or dangerous for pedestrians . . . any sidewalk or walk as described in Section I of

111

this Act." (2) Obstructed the sidewalk on the northerly side of 23rd Avenue, contrary to Section 27.5 of the Ordinance of the City of Rockford and, (3) Negligently piled ice and snow across the sidewalk on the northerly side of 23rd Avenue rendering the same impassable and dangerous and forcing the plaintiff and other pedestrians to walk in the street. That as a direct and proximate result of the aforesaid negligence, plaintiff then and there suffered severe and permanent injuries; that plaintiff prays judgment against said defendant, in the sum of $50,000.

The grounds for dismissal of Count I of plaintiff's amended complaint set out in the motion to dismiss filed by defendant, City of Rockford, are: That there is no duty on the part of said city to control the shoveling of snow by property owners or to render sidewalks passable and free from ice or snow; that plaintiff having been hit by an automobile in the city's street, there exists no proximate cause between the negligence of the city, if any, and the injuries of the plaintiff; and there exists no duty on the part of the City of Rockford to provide a safe place for the use of pedestrians, including plaintiff, on the east side of 23rd Avenue.

It is the theory of both defendants that the proximate cause of plaintiff's injury was not, as a matter of law, the negligence of the defendants in obstructing the sidewalk, but that it was, instead, the independent intervening act of the motorist striking the plaintiff, the negligence of the plaintiff or a combination of both.

The defendant, Tom Harkey, further contends that the trial court properly granted his motion for summary judgment for the additional reason of plaintiff's contributory negligence, as shown by the admissions contained in his counter-affidavit that he did not see the oncoming automobile until it was 12 feet from him.

112

Plaintiff contends that the trial judge erred in dismissing Count I of the amended complaint and by entering summary judgment on Count II of the amended complaint.

The motion and affidavit for summary judgment under Count II of the amended complaint in behalf of the defendant, Tom Harkey, states among other things, that on the day of the occurrence, the plaintiff, while walking easterly on 23rd Avenue in the City of Rockford, was struck by a westbound automobile driven by one James H. Birmingham, at a point 90 feet east from the east curb of Kishwaukee Street and 20 feet east from the east boundary of Tom Harkey's Sinclair Service Station, and at a point 10 feet south of the north curb of 23rd Avenue; and that the plaintiff, after the occurrence, told a police officer that prior to the occurrence, he was walking easterly on 23rd Avenue with his head down watching the street surface because of ice, and that he never saw the approaching car of James H. Birmingham before he was struck thereby.

The counter-affidavit of the plaintiff in opposition to the motion for summary judgment under Count II states that on the day of the occurrence, while walking easterly on 23rd Avenue in the City of Rockford, he was struck by a westbound automobile driven by James C. Wilson at a point approximately 50 feet east of the curb line of Kishwaukee Street and that he was walking at a point approximately 5 feet south of the curb line and that at said time and place, the street was slippery because of ice and he was attempting to watch his footing so as not to fall and also, from time to time, looked up for automobiles and when plaintiff saw car lights coming at him approximately 12 feet away, he was unable to get out of the way of the automobile because of the slippery footing and, at all times,

113

he was in the exercise of ordinary care for his own safety.

In order to sustain an action for negligence, it is necessary that such negligence be the proximate cause of the injury, and the controversy here is whether the allegation of negligence in Counts I and II of plaintiff's amended complaint, when taken as true, was the proximate cause or one of the proximate causes of plaintiff's injury.

The question of what constitutes the proximate—that is to say, the immediate and direct—cause of an actionable injury to persons or property appears easy in theory, but is involved in great difficulty in its application to the facts of particular cases. The books are full of definitions of proximate cause and it has been discussed by courts from innumerable standpoints of fact, with results that are difficult and sometimes impossible to reconcile.

The parties hereto agree that there are no Illinois decisions exactly on the facts of the instant case as to whether or not the obstruction of a sidewalk contributes proximately to the injury of a pedestrian who is forced to go into a street and is struck by a vehicle. The parties have both cited cases from sister states dealing with the question. These cases, while interesting and informative, are not very helpful for a final determination of the question now before us because in each cited case the factual situation is different and the legal conclusions are conflicting and impossible to reconcile.

Representative of the cases cited by the defendants is Jones v. City of Ft. Dodge (S Ct of Iowa, 1919) 171 NW 16, wherein a seven year old boy was forced into the street by an obstruction on the sidewalk and was struck by an automobile. He sustained injuries from which he immediately died. The court in that case held that the obstruction of the sidewalk was not

114

the proximate cause of the boy's injuries and death. In reaching such conclusion, the court stated in substance that the acts of the defendant city were remote and not proximate in their casual connection or relation to the collision which caused the death of the decedent, but on the contrary, the act of the driver of the automobile which struck the decedent while walking in the street was the independent, efficient and proximate cause of the collision, which caused the decedent's injury and death, and since the blocking of the sidewalk by the city was not the proximate cause of the injury the city could not be held liable.

Representative of the cases cited by the plaintiff for the proposition that an obstruction of a sidewalk does constitute a proximate cause of injury to a pedestrian forced into the street and struck by a vehicle are Shafir v. Sieben (Mo), 233 SW 419, and Lindman v. Kansas City, 308 Mo 161, 271 SW 516. These cases decided by the Supreme Court of Missouri are companion cases which arose out of the same occurrence and set of facts. In these cases, the contractor for the city obstructed the sidewalk, and approximately one-half of the traveled portion of the street and in so doing, violated a city ordinance in failing to construct a temporary walk around the obstructed portion of the street. The Supreme Court of Missouri in passing on the question of proximate cause presented in those cases held that the negligence of the city was a concurrent proximate cause. In arriving at such conclusion in Shafir v. Sieben, supra, the court stated, in substance, that it was the duty of the city to keep the sidewalk free from unnecessary and unreasonable obstructions, and that such duty is imposed for the benefit of pedestrians using or attempting to use it to walk upon and that the thing that happened was the very thing for which the duty was imposed to prevent. The court reasoned that the presence of the plaintiff in the

115

street was due to the negligent act of the defendant city, and the blow which injured the plaintiff was delivered by the wrongful act of the driver of the automobile. Neither would or could have occurred without the operation of the other at the same time. Both acts were commingled in a single act to produce the injury.

It appears from a review of the Iowa case and the Missouri cases, heretofore cited, that the courts of those jurisdictions are not in accord on the question of what constitutes proximate cause in a case such as the one before us. We have also reviewed the cases from other jurisdictions cited in the well prepared briefs filed herein and find that the courts in those jurisdictions, are not in accord on this question.

Defendants argue that the case of Shafir v. Sieben, supra, and Lindman v. Kansas City, supra, were later distinguished by the Supreme Court of Missouri in a case analogous on its facts to the case at bar and held that negligence in obstructing a city sidewalk was not, as a matter of law, the proximate cause of the injury to a pedestrian struck in the street by a motorist while circumventing the obstruction. This later case referred to is Smith v. Mabrey, 348 Mo 644, 154 SW2d 770.

We do not believe that the facts in Smith v. Mabrey supra, are analogous with the factual situation in Shafir v. Sieben, supra, and Lindman v. Kansas City, supra. In those cases, as in the instant case, the sidewalk was so obstructed that the plaintiff was excluded from its use and was compelled to go into the street. The plaintiff was deprived of a right to which he was lawfully entitled. Whereas, in Smith v. Mabrey, supra, there is no allegation that the sidewalk was obstructed or that the plaintiff was compelled to go into the street, but on the contrary, the only allegation of negligence is that the city failed to construct and maintain a sidewalk at the point where the plaintiff was walking,

116

and owing to the fact that the footpath or passageway was muddy due to weather conditions, the plaintiff chose to cross the street to the opposite side where the city maintained a sidewalk. In other words, the plaintiff, in the Smith case, supra, was not compelled to go in the street because the sidewalk had been obstructed but elected to cross the street to the opposite side where the city maintained a sidewalk and a better place to walk.

The facts in the case before us, we believe, to be similar to the facts alleged in Shafir v. Sieben, supra, and Lindman v. Kansas City, supra. The City of Rockford was maintaining a sidewalk for the convenience of the plaintiff and other members of the public, and the sidewalk was blocked by snow and ice which had been piled thereon and the plaintiff because of this condition was compelled to go into the street in order to proceed on his way, and did not go in the street merely because he chose to as was the case in Smith v. Mabrey, supra.

What constitutes proximate cause has been many times defined and there is practically no difference of opinion as to what the rule is. The difficulty arises in the application of the rule. The injury must be the natural and probable result of the negligent act or omission and be of such a nature as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence. It is not essential that the person charged with the negligence should have foreseen the precise injury which resulted from this act. Illinois Cent. R. Co. v. Oswald, 338 Ill 270, 170 NE 247. If a new and independent force intervenes which breaks the causal connection between the original wrong and the injury, it becomes the direct and immediate cause of the injury. Illinois Cent. R. Co. v. Oswald, supra. The intervention of independent concurrent or intervening forces will not break causal

connection if the intervention of such forces could have been reasonably foreseen. Neering v. Illinois Cent. R. Co., 383 Ill 366, 50 NE2d 497; Sycamore Preserve Works v. Chicago & N. W. Ry. Co., 366 Ill 11, 7 NE2d 740 and Johnston v. City of East Moline, 405 Ill 460, 91 NE2d 401.

Proximate cause is ordinarily a question of fact to be ascertained and settled by a jury from a consideration of all of the evidence and attending circumstances. It can arise as a question of law only when the facts are not only undisputed but are of such a nature that there can be no difference in the judgment of reasonable men as to the inferences to be drawn therefrom. Marquardt v. Orlowski, 18 Ill App2d 135, 151 NE2d 109.

For the purpose of this opinion, the well pleaded facts of plaintiff's amended complaint and the reasonable inferences and intendments therefrom are, of course, to be taken as true. Biller v. Allis Chalmers Mfg. Co., 34 Ill App2d 47, 180 NE2d 46. The burden of proving the alleged facts rests with the plaintiff, as usual, if there is a trial on the merits.

The only question here presented is whether the amended complaint states a good cause of action. According to the allegations of the amended complaint, the sidewalk was not blocked or obstructed in one small portion but was obstructed by a bank of ice and snow piled on the sidewalk for a distance of some 100 feet rendering it impassable. It is alleged that the defendant, Tom Harkey, so obstructed the sidewalk in violation of a statute of the State of Illinois and an ordinance of the City of Rockford. It is alleged that this condition existed for a long period of time and that the City of Rockford was negligent in allowing and permitting the sidewalk to remain piled high with ice and snow so that the same obstructed the passage of pedestrians when it knew or in the exercise of ordi-

118

nary care should have known that such condition existed. It is alleged that the negligence of the defendants forced plaintiff to walk in the street where he was struck by a motorist. It is reasonable to assume from the complaint that this accident occurred in a business district and at a time prior to sunrise. It is further reasonable to assume that had the sidewalk not been so obstructed for a distance of 100 feet the plaintiff would have walked on the sidewalk and not in the street. Under these circumstances, it is evident that all reasonable minds might not agree that the negligence of the defendants was not the proximate cause of plaintiff's injuries.

According to the allegations of the amended complaint, plaintiff's presence in the street was due to the negligent acts of these defendants and the blow to his body was delivered by the act of the motorist. Both acts, that is of the motorist and defendants, were commingled in the single act of the injury. Proximate cause arises as a question of law only when the facts are not only undisputed but are of such a nature that there can be no difference in the judgment of reasonable men as to the inferences to be drawn therefrom. Applying these principles to the allegations of the amended complaint, we conclude that a jury might reasonably find that defendants could have reasonably foreseen the injuries to the plaintiff as a natural and probable result of their negligence. It is not necessary that the defendants should have reasonably foreseen the precise injury which resulted; it is enough if the exercise of reasonable foresight would have warned the defendants of the danger to pedestrians in obstructing a sidewalk with a bank of snow and ice for a distance of 100 feet.

 We are inclined to adopt the rule as laid down by the Supreme Court of Missouri in Shafir v. Sieben, supra, which holds that causes of an injury

may be so commingled in a single act as to make the causes concurrent proximate causes. It is our opinion that all reasonable men and all reasonable minds may not agree on the issues of proximate cause and contributory negligence as alleged in plaintiff's amended complaint, therefore, it would not be proper for the trial court or this court to substitute its judgment for that of a jury. Whether or not the piling of the snow and ice on the sidewalk and permitting it to remain there was the proximate cause or one of the proximate causes of the injury in question, we believe to be a question of fact to be determined by a jury, and to withdraw such question from its consideration is to usurp its function. Geraghty v. Burr Oak Lanes, 5 Ill2d 153, 125 NE2d 47.

■ ■ We are unable to say, after having considered the affidavit in support of the motion of the defendant, Tom Harkey, for summary judgment and the affidavit of the plaintiff in opposition thereto, that plaintiff as a matter of law was guilty of contributory negligence. The statement of facts set forth in these affidavits indicate that the evidence on the issue of contributory negligence is conflicting and in dispute. The question of contributory negligence is ordinarily and pre-eminently a question of fact for the jury. Pennington v. McLean, 16 Ill2d 577, 158 NE2d 624.

The judgment of the Circuit Court of Winnebago County is reversed.

Reversed and remanded.

SPIVEY, P. J. and CROW, J., concur.