Clara KING, Appellant,

v.

Giles ELLIS, Respondent.

No. 48523.

Supreme Court of Missouri,

Division No. 2.

Sept. 10, 1962.

686

Riddle, Baker & O'Herin and Veryl L. Riddle, Charles H. Baker and Edward F. O'Herin, Malden, for appellant.

Ward & Reeves and James E. Reeves, Caruthersville, for respondent.

STORCKMAN, Judge.

This is a suit for personal injuries resulting from a collision of two automobiles alleged to have been caused by the defendant's negligent operation of a third motor vehicle. The prayer of plaintiff's petition was for damages in the sum of $25,000. At the conclusion of plaintiff's case, the trial court sustained the defendant's motion for a directed verdict and judgment for the defendant was rendered accordingly. The plaintiff's motion for new trial was overruled by lapse of time and the plaintiff appealed. The sole issue on appeal is the sufficiency of the evidence to make a case for submission to the jury.

On July 8, 1958, at about 2 p.m., three motor vehicles were being driven southwardly on Missouri State Highway 25 within the northern city limits of Kennett, Missouri. At the place in question, the highway consisted of six traffic lanes, three for southbound and three for northbound traffic. The outside lanes on both sides of the highway were blacktop and generally used for parking. The four inside lanes, two southbound and two northbound were paved. The highway was dry and the day was cloudy.

The leading southbound vehicle was a pickup truck being driven by the defendant Giles Ellis. The second or middle vehicle was a 1957 Ford being driven by the plaintiff Clara King. The last of the three cars, which was the one following the plaintiff, was a 1953 Chrysler driven by Roy A. Rayburn, a resident of Cleveland, Ohio.

All of the vehicles were being driven at moderate rates of speed. All of them were being operated in the inside lane, the one next to the center line.

At the place in question, the defendant pulled his pickup truck somewhat to the right, then turned to his left in front of the plaintiff, made a U turn and headed back north on the other side of the highway. When the plaintiff saw the defendant start this maneuver, she applied her brakes and slowed down, or had stopped, so that her automobile did not come into contact with the defendant's truck. Mr. Rayburn, last in the line of the three, saw the defendant's pickup truck move first to the right and then to the left, saw the brake lights of the plaintiff's car go on, and undertook to apply his own brakes but the brake line failed. The Rayburn car struck the plaintiff's car on the left rear bumper. The plaintiff and her passengers were thrown about in the automobile and she was injured. The action originally included Mr. Rayburn as a defendant, but plaintiff's claim against him was settled for $4,000 before trial. There was a dismissal as to him and he was a witness on behalf of the plaintiff in the trial of her claim against the defendant Ellis.

Mr. Rayburn testified that when the defendant turned his truck to the left across the street and the brake lights of the plaintiff's car came on: "I hit my brakes and my brake line busted." He estimated that the vehicles had been moving at about 20 or 22 miles per hour and that his car had slowed somewhat and was going about 10 or 12 miles per hour when it struck the plaintiff's car. Mr. Rayburn further testified that he was traveling behind the plaintiff's automobile at a normal safe distance and if his brake line had not broken he could have pulled up and stopped behind the plaintiff's car without striking it. This testimony offered by the plaintiff was not controverted.

The plaintiff testified that the defendant's truck was traveling very slowly when she first saw it just a little while before her car was struck; that the truck went slightly to the right, then turned left in front of her, and across three lanes of the highway; that she did not see the defendant give any signal; that she could not have been going over 20 or 25 miles per hour when the defendant turned in front of her and she applied her brakes; that she was following the truck at a good safe distance and she was sure her car was at least three or three and a half car lengths behind the defendant's truck; that she saw the defendant starting to make his left turn and had plenty of room in which to stop without running into the truck and that she could have stopped even if she had been going faster.

The passengers in the plaintiff's automobile and a police officer also testified. There was some divergence as to the speed of the defendant's truck and the plaintiff's automobile, but nothing of consequence was added to the testimony of Mr. Rayburn and the plaintiff so far as the issue before us is concerned. The plaintiff summarizes her two charges of negligence against the defendant as follows: "One in failing to give signal of his intention to turn and another in turning to the right and then back to the left in front of the King car."

█ The plaintiff correctly contends that in determining whether she made a submissible case the evidence will be viewed in the light most favorable to her and she will be given the benefit of every inference that may be reasonably drawn from such evidence. Housden v. E. I. Du Pont De Nemours & Co., Mo., 321 S.W.2d 430; Cohagan v. Laclede Steel Co., Mo., 317 S.W.2d 452; Perry v. Dever, Mo., 303 S.W.2d 1.

In support of the action of the trial court, the defendant contends that the sole and independent cause of the collision and plaintiff's alleged injuries was the failure of the brakes on the Rayburn automobile and that negligence on the part of the defendant could not be the legal and proximate cause of the collision between the automobiles of

the plaintiff and Mr. Rayburn. The defendant cites Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, as controlling on the issue. The evidence tends to show that the defendant was negligent and that the plaintiff was injured, so we may proceed to determine if the evidence was sufficient to show legal causation between such negligence and the plaintiff's injuries.

■ The plaintiff recognizes that there must be a causal connection and that the defendant's negligence must have been the proximate cause of the plaintiff's injuries. The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new cause, produces the event and without which the event would not have occurred. Kennedy v. Independent Quarry & Construction Co., 316 Mo. 782, 291 S.W. 475, 481 [5]; Evans v. Massman Construction Co., 343 Mo. 632, 122 S.W.2d 924, 932 [18].

■ Generally, an efficient, intervening cause is a new and independent force which so interrupts the chain of events that it becomes the responsible, direct, proximate, and immediate cause of the injury but it may not consist merely of an act of concurring or contributing negligence. Dickerson v. St. Louis Public Service Co., 365 Mo. 738, 286 S.W.2d 820, 824 [3].

■ As stated in Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, 245 [2]: "The mere fact that injury follows negligence does not necessarily create liability. A causal connection must be established between the negligence charged or submitted and the loss or injury sustained, such that the injury would not have happened but for the negligence, and also that the negligence was not only a cause but was a proximate cause." The Branstetter case also involved three motor vehicles. The traffic conditions ahead of the lead car prompted a sudden slowdown. The first two cars were able to slow down and stop, or practically so, but the driver of the third or rear car was not paying attention to the traffic ahead; he was looking to the side of the road and did not see the cars ahead slowing down until it was too late to stop. The last car struck the middle car shoving it into the first car in which plaintiff was a passenger. The plaintiff Branstetter settled her claim against Gerdeman, the driver of the last car, and proceeded with her case against the defendant Kunzler, the driver of the lead car in which she was riding. She alleged that the defendant Kunzler had slowed his automobile suddenly and without giving sufficient warning to the automobiles following. The jury found for the defendant and the trial court granted the plaintiff a new trial. The defendant on appeal contended that his motion for a directed verdict should have been given. This court held that the negligence of the driver of the third or last car was the proximate cause of the collision and plaintiff's injuries and that the alleged negligence of the driver of the first car was too remote to be causative in a legal sense. The order granting a new trial was reversed and the cause remanded with directions to reinstate the verdict and judgment for the defendant.

As stated in Dickerson v. St. Louis Public Service Co., 365 Mo. 738, 286 S.W.2d 820, 824 [2], in determining questions of proximate cause and efficient, intervening cause, each case must stand on its own individual facts. In the case at bar the evidence shows that the plaintiff and Mr. Rayburn both saw the defendant's erratic behavior and applied their brakes. The plaintiff was able to slow her automobile so as to avoid contact with the defendant's truck so that she was not injured directly as a result of the defendant's negligence. Mr. Rayburn, in the car behind the plaintiff, was able to slow his automobile somewhat and would have been able to stop in time to avoid striking the plaintiff's automobile if the brake line on his car had not failed thereby permitting the brake pedal to go all the way to the floor. On the uncontroverted evidence, if the brakes on

Mr. Rayburn's car had not failed the plaintiff would not have been injured.

In the Branstetter case this court held that the admitted negligence of Gerdeman was the proximate cause of the plaintiff's injuries. Without the sudden and unexpected failure of the brakes on the Rayburn car in the present case, the collision would not have occurred. On the record before us the brake failure was an efficient, intervening cause and the proximate cause of the plaintiff's injuries. Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240; O'Neill v. Claypool, Mo., 341 S.W.2d 129, 133 [1–4]; Duke v. Missouri Pacific R. Co., Mo., 303 S.W.2d 613, 617 [3, 4]; Smith v. Mabrey, 348 Mo. 644, 154 S.W.2d 770, 771 [3, 4]; Koogler v. Mound City Cab Co., Mo., 349 S.W.2d 233. The trial court did not err in sustaining the defendant's motion and in directing a verdict for the defendant.

The judgment is affirmed.

All of the Judges concur.