186 So.2d 474 (1966)
Mrs. Ellison H. HOKE and Mrs. Sandra Baldwin
v.
W.L. HOLCOMB & ASSOCIATES, INC., d/b/a Sun-N-Sand Motor Hotel, and Stephen J. Callahan.
No. 43967.
Supreme Court of Mississippi.
May 16, 1966.
*475 Holleman & Hurlbert, Gulfport, for appellants.
Eaton, Cottrell, Galloway & Lang, Gulfport, for appellees.
INZER, Justice:
Appellants, Mrs. Ellison H. Hoke and Mrs. Sandra Baldwin, filed suit in the Circuit Court of Harrison County against W.L. Holcomb & Associates, Inc., d/b/a Sun-N-Sand Motor Hotel and Stephen J. Callahan, seeking to recover damages for the wrongful death of Ellison H. Hoke. Appellants are the widow and daughter of the deceased and his sole heirs at law. At the conclusion of the evidence on behalf of appellants, the trial court sustained a motion for a directed verdict in favor of appellee, W.L. Holcomb & Associates, Inc., and a judgment was entered dismissing the suit as to this defendant. The trial proceeded against the defendant, Stephen J. Callahan, and the issues were submitted to a jury, which returned a verdict in favor of appellants in the sum of $81,166. Callahan appealed to this Court from the judgment entered pursuant to this verdict. Appellants cross-appealed from the judgment of the trial court dismissing the suit against Holcomb. After the record reached this Court, we sustained a joint motion of Callahan and Mrs. Hoke and Mrs. Baldwin dismissing the appeal of Callahan. This action leaves pending the cross-appeal by Mrs. Hoke and Mrs. Baldwin, who are referred to as appellants, from the judgment dismissing the suit as to Holcomb, who is referred to as appellee.
As shown by the evidence in this case, the facts most favorable to appellants reveal that in December 1963 Mrs. Hoke and her husband, Ellison H. Hoke, who resided in Elgin, Illinois, came South on a vacation. They went to New Orleans, Louisiana, and after spending a short time there, they decided to visit the Mississippi Coast. On the morning of December 30, they drove from New Orleans to the Sun-N-Sand Hotel, arriving about noon. Highway *476 90 runs in an east and west direction, and part of the Sun-N-Sand is located on the south side and part on the north side. When they registered, they were assigned a room on the north side of the highway. Eating facilities at the Hotel were located on the south side of the highway. The Hotel had constructed an elevated crosswalk over the highway for the use of its guests to cross from one section of the Hotel to the other. Mr. and Mrs. Hoke inquired at the desk relative to eating facilities, and they were informed as to their location, and were told that the crosswalk was available for crossing the highway. It was raining at the time they arrived at the Hotel, and during the following night and the next day, it turned very cold and began to sleet and snow. The weather was the most severe that had been witnessed on the Coast in many years. Several inches of snow fell, covering the ground and the streets. The crosswalk was covered with snow and ice, and it was roped off. Mrs. Hoke was not sure whether the crosswalk was roped off during the day of December 31, but she was sure that it was roped off on the morning of January 1, 1964. On this morning, when she and her husband went to breakfast, the weather was clear, but everything was covered with ice and snow. Employees of the Hotel were busy shoveling snow from the walk-ways around the Hotel. One of these walk-ways extended south from the Hotel to the edge of Highway 90. This is a four-lane highway, with two lanes on the north side for westbound traffic and two lanes on the south side for eastbound traffic. The lanes on the north side are divided from those on the south by a neutral strip. There is a sidewalk across this neutral strip directly south of the sidewalk from the Hotel to the edge of the highway. Mrs. Hoke and her husband crossed the highway at this point, and after having breakfast, returned to their room, again crossing the highway. They remained in their room during New Year's Day, until about 7:00 that evening when they decided to go to dinner. The sun had been shining all day, but the weather was still extremely cold. When they reached the crosswalk, it was still roped off, but they could see that the ice and snow had melted from the entrance of the crosswalk on that part near the Hotel. They considered crossing the highway on the crosswalk, but decided that since they could not see the rest of the walk-way, it would not be wise to do so. They then walked to the edge of the highway and stopped. They waited, and after one car passed them, they saw no other traffic coming from the east. They started across the westbound lane of the highway with Mrs. Hoke on the left of Mr. Hoke, and when they reached a point near the curb on the south side of the westbound lane, they were struck by a Karmann Ghia car driven by the defendant, Callahan. Mrs. Hoke was knocked into the air, and landed upon the hood of the car, striking the windshield. Mr. Hoke was knocked into the air, hitting on his head and shoulder when he landed on the pavement. Mr. Hoke died about two months later as a result of the injuries received in this accident, and Mrs. Hoke was also severely injured.
The only assignment of error is that the trial court was in error in holding that the negligence of Callahan was an efficient intervening cause of the accident that resulted in the death of Mr. Hoke and that the negligence of appellee, if any, in failing to clear the crosswalk was isolated. Appellants rely upon the case of Johnson v. City of Rockford, 35 Ill. App.2d 107, 182 N.E.2d 240, 93 A.L.R.2d 1178 (1962). In this case under a somewhat similar, but distinguishable factual situation, the Appellate Court of Illinois held that it was a jury question as to whether the accident was in the realm of foreseeability. However, we need to look no further than our own decisions to decide this question. If we assume that the failure of appellee to clear the crosswalk during the day in question constituted negligence, such negligence only furnished the condition or occasion from which the injuries were received, but it *477 did not put in motion the negligence and wrongful agency that caused the injuries. We have held in a number of cases that under such circumstances the person creating the condition was not liable. In Mississippi City Lines v. Bullock, 194 Miss. 630, 13 So.2d 34, 145 A.L.R. 1199 (1943), we said:
Although one may be negligent, yet if another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury, the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, a nonactionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. The question is, did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the alleged wrong and the injury? 38 Am.Jur., p. 702; Thompson v. Mississippi Cent. R. Co., 175 Miss. 547, 554, 166 So. 353. And so say all the authorities, among which, as a striking illustration, is Bufkin v. Louisville & N.R. Co., 161 Miss. 594, 137 So. 517. (194 Miss. at 639-640, 13 So.2d at 36.)
In Permenter v. Milner Chevrolet Company, 229 Miss. 385, 91 So.2d 243 (1956), the appellant made an argument similar to that made by the appellants in this case. The decisions of this Court were reviewed in that case, and we again held that although a party may be guilty of negligence, if such negligence only created a condition or occasion and another acting independently and of his own volition puts in motion another intervening cause which efficiently leads in unbroken sequence to the injuries, the latter is the proximate cause. Stewart v. Kroger Gro., Etc., Co., 198 Miss. 371, 21 So.2d 912 (1945).
Therefore, appellee's negligence, if any, created a condition or occasion for Mr. Hoke and his wife to attempt to cross the public highway. Appellee had no control over this highway. Mr. Hoke received the injuries which resulted in his death while crossing the highway. Callahan, of his own volition, put in motion the independent force which led in an unbroken sequence to the injuries and death. Under these circumstances the negligence, if any, of appellee became remote. The negligence of Callahan was the proximate cause of the injuries and death. For this reason, this case must be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.