**Dennis LIGHT, a minor, et al., and Franklin Perry Rollins, a minor, et al., Plaintiffs-Appellants,**

v.

**Edgar Joseph LANG, a minor, and Pacific Fire Protection District, et al., Defendants-Respondents.**

Nos. 36160, 36161.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 3, 1976.

London & Greenberg, Burton M. Greenberg, C. John Pleban, St. Louis, for plaintiffs-appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, Anding & Anding, Pacific, Jenny, Cole & Eckelkamp, Briegel & Kimme, Union, H. Edward Skinner, St. Louis, Politte & Thayer, Washington, for defendants-respondents.

WEIER, Presiding Judge.

Plaintiffs appeal from the dismissal of their suits for failure to state a claim against defendants-respondents: the City of Pacific, Robertsville Fire Department, Pacific Fire Protection District, and Southwestern Bell Telephone Company. These suits arise from one automobile accident and have been consolidated by the appellants due to the similarity of the petitions and issues presented for review.

 On a motion to dismiss for failure to state a claim, the court will assume to be true all facts alleged by plaintiffs as well as all reasonable inferences which can be deduced from those facts. *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 629[4] (Mo.App.1975); *Hunt v. Dallmeyer*, 517 S.W.2d 720, 723[4] (Mo.App.1974). Matters raised by defendants in their motion to dismiss do not prove themselves and must be supported by the petition or evidence in the transcript to be the basis for a dismissal. Rule 55.27; *Johnson v. Great Heritage Life Insurance Co.*, 490 S.W.2d 686, 689[5] (Mo.App.1973); *Cobb Builders, Inc. v. Naidorf*, 472 S.W.2d 33, 34[1] (Mo.App.1971); *Fine v. Waldman Mercantile Co.*, 412 S.W.2d 549, 551[1] (Mo.App.1967). Under these authorities, it is clear that the trial court correctly held that appellants have not stated a cause of action against each respondent. The decision is affirmed.

As to the facts of liability and the status and relationship of the parties, the petitions in each case are identical. On June 17, 1973, the motorcycle upon which plaintiffs were riding allegedly collided with an automobile driven by defendant Lang. At that time Lang, a Junior Volunteer Fireman, was responding to what he found out later was a false alarm. Plaintiffs filed their suits on December 19, 1973 and January 2, 1974, and defendants-respondents who are named here filed timely motions to dismiss. On April 9, 1974, the trial court dismissed respondents from the actions. The remaining defendants were dismissed without prejudice by agreement of the parties on June 13, 1975. Because the dismissal of each defendant-respondent is predicated on a different legal principle, each will be treated separately in this opinion.

## I. CITY OF PACIFIC

Plaintiffs allege that the City of Pacific is a municipal corporation with a duty to keep the public streets in a reasonably safe condition. They also allege causation, injury, and specific negligent acts based on theories of respondeat superior and maintaining a nuisance by retaining Lang as an employee.[1]

The trial court did not state a specific reason for sustaining the City's motion to dismiss. Defendant City suggests the motion was sustained on the grounds of governmental immunity. Plaintiffs have not mentioned this doctrine and only suggest, generally, that sufficient facts to state a cause of action were alleged against this defendant. We agree that the doctrine of governmental immunity clearly applies in this case.

Missouri has long applied the doctrine of governmental immunity to torts arising out of the acts of municipal employees while performing a governmental function. *Varnal v. Kansas City*, 481 S.W.2d 575, 580[6] (Mo.App.1972). This immunity has been extended to the negligent driving of fire equipment in response to an alarm, *Richardson v. City of Hannibal*, 330 Mo. 398, 50 S.W.2d 648, 649[1] (banc 1932), as well as to the retention of a policeman with an extremely dangerous temperament, *Hinds v. City of Hannibal*, 212 S.W.2d 401 (Mo.1948). *See Fette v. City of St. Louis*, 366 S.W.2d 446 (Mo.1963).[2] Sovereign immunity is the public policy of Missouri and any change is the prerogative of the General Assembly. *O'Dell v. School District of Independence*, 521 S.W.2d 403 (Mo. banc 1975); *Pitts v. Malcolm Bliss Mental Health Center*, 521 S.W.2d 501, 503[1, 2] (Mo.App. 1975). The legislature has not seen fit to change this rule; therefore plaintiffs do not have a cause of action against the City of Pacific.

## II. ROBERTSVILLE FIRE DEPARTMENT

Plaintiffs allege that Robertsville Fire Department, Inc. is a corporation which, together with Pacific Volunteer Fire Department and Pacific Fire District, has merged into Pacific Fire Protection District. The specific negligent acts attributed to this defendant are:

"(1) On or about June 17, 1973, and for a long time prior thereto, said defendant in violation of Mo.Rev.Stat., Sections 304.-022 and 307.175, caused, created and permitted to exist a set of circumstances wherein and whereby minors under the age of twenty-one (21) years, lacking in proper discretion necessary for the operation of a dangerous instrumentality * * *, including the defendant Lang, were allowed to act in the capacity of "Junior Volunteer Fireman". As such, this defendant allowed, permitted and sanctioned the use of emergency type blue lights on private vehicles operated by such "Junior Volunteer Firemen", and the defendant Lang, * * *.

(2) In allowing, permitting, sanctioning and approving the conduct referred to in paragraph (1), supra, this defendant knew, in time before June 17, 1973, or should have known, that it was thereby creating a set of circumstances highly dangerous to members of the public * * *.

(3) On or about June 17, 1973, said defendant caused and permitted a "Junior Volunteer Fireman", the defendant Lang, to operate his private vehicle in [a] negligent manner * * * in a non bona fide emergency. * * * without using or sounding a warning siren * * *,

1. The allegations are substantially the same as those made against Robertsville Fire Department and Pacific Fire Protection District except that Lang is specifically alleged to be the "agent, employee, and servant" of the City.

2. In the only case where a city was held liable for damages caused by its fire department, the court specifically stated that the liability was imposed on the city in its capacity as landowner for intentionally creating and maintaining a nuisance on its land which injured the adjacent property. *Rodgers v. Kansas City*, 327 S.W.2d 478, 481–2[1, 2] (Mo.App.1959).

[and] without first giving to him a permit in writing to equip his said vehicle with a blue light * * *.

(6) On or about June 17, 1973, and for a long time prior thereto, said defendant allowed, permitted and sanctioned the use of an emergency type blue light on the private vehicle operated by the "Junior Volunteer Fireman", the defendant Lang, * * * without adequately supervising and training the said defendant Lang, * * *.

(7) On or about June 17, 1973, this defendant negligently and carelessly caused to be sounded a fire alarm, to which the defendant Lang allegedly responded * * * although this defendant knew, or in the exercise of the proper degree of care should have known, that there was in fact no fire and no bona fide emergency.

(8) * * * [Plaintiffs were injured] all as a result of the set of circumstances allowed, caused, permitted and sanctioned by the defendant Robertsville Fire Department, Inc. delineated in the foregoing paragraphs * * *."

Plaintiffs do not in any other part of their petition allege a specific relationship between defendant Lang or the "Junior Volunteer Firemen" and this defendant or any other fire department.

Robertsville Fire Department filed a motion to dismiss based on the grounds that they did not know Lang and had no involvement in the collision in which plaintiffs were injured. This motion was sustained without written opinion and Robertsville Fire Department has filed no brief with this court. Plaintiffs treat the motion as one for failure to state a claim. We will assume the motion was sustained on the grounds suggested by the movants. *Ezell v. Ezell*, 348 S.W.2d 592, 596[5] (Mo.App. 1961).

Plaintiffs base their cause of action on the theories of respondeat superior and maintaining a nuisance rather than on the direct involvement of respondents in the collision. They correctly note that a legitimate fact issue cannot be resolved through a motion to dismiss. *Ezell v. Ezell, supra.* Although respondent's motion is ambiguous it does not raise a fact question but instead points up the serious defect in plaintiffs' pleadings under their theory of recovery. They failed to plead a master-servant relationship.

Under the doctrine of respondeat superior an employer is liable for those negligent acts or omissions of his employee which are committed within the scope of his employment. *Beckwith v. Standard Oil Co.,* 281 S.W.2d 852, 854 (Mo.1955). A submissible case of liability based on respondeat superior requires some evidence that a master-servant relationship existed between the parties. *Usrey v. Dr. Pepper Bottling Co.,* 385 S.W.2d 335, 337[1] (Mo.App.1964). Plaintiffs have alleged no such relationship. Actions were instituted against four fire departments without a clear explanation of their relationship to each other or the defendant Lang. Plaintiffs are entitled to all reasonable inferences which can be deduced from the pleadings. *Hunt v. Dallmeyer, supra,* 517 S.W.2d 720. We do not, however, think it is reasonable to infer that at the time of the alleged collision defendant Lang was the agent, employee or servant of this defendant rather than or in addition to the other fire departments.

Respondeat superior is based on the principle that the master controls the actions of his servants and therefore the servants' actions are attributable to the master. It is not necessary to plead the agency relationship when the allegation is that the act was committed by the master or principal. *Bauer v. Holtkamp,* 389 S.W.2d 850, 852[4] (Mo.App.1965). This concept does not, however, make it unnecessary to plead and prove a master-servant relationship where no direct involvement of the master is shown. Plaintiffs specifically pleaded that defendant Lang was the "agent, employee and servant" of the City of Pacific. Since we find no similar words connecting defendant Lang with the other respondents, we can only assume this necessary relationship did not exist. Without a master-servant relationship, plaintiffs have

no cause of action against this defendant under the doctrine of respondeat superior.

■ Plaintiff's attempt to plead a case of maintaining a nuisance by retaining Lang as an employee has also failed. The most that is pleaded is that respondent helped set up the program in which defendant Lang participated and that respondent failed to abandon it prior to the alleged collision. We find no precedent for tort liability based upon so tenuous a relationship. The trial court properly dismissed Robertsville Fire Department from the suit.

## III. PACIFIC FIRE PROTECTION DISTRICT

Plaintiffs' allegations against Pacific Fire Protection District are identical to those brought against Robertsville Fire Department. The Pacific District filed a motion to dismiss on the grounds that it was formed under Chapter 321, RSMo 1969 and therefore not liable for the tortious acts of its agents.[3] The motion was sustained without written opinion. We will assume the dismissal was based on the grounds asserted in the motion. *Ezell v. Ezell, supra.*

■ Fire protection districts are political subdivisions of the state. § 321.010(1), RSMo 1969. It has been widely held that in the absence of express statutory provision to the contrary, political subdivisions are not liable for negligent acts performed in a governmental function. *Smith v. Consolidated School District No. 2,* 408 S.W.2d 50, 53[4, 5] (Mo. banc 1966). Fire protection is a governmental function. *Richardson v. City of Hannibal, supra,* 50 S.W.2d 648. Respondent is therefore cloaked with sovereign immunity. *Glenn v. Department of Corrections,* 434 S.W.2d 473, 475[5] (Mo. 1968); *Cullor v. Jackson Township, Putnam County,* 249 S.W.2d 393, 396[4] (Mo.1952).

■ Plaintiffs urge that the repeal of § 321.705, RSMo 1959, somehow alters this rule. We do not agree. Section 321.705 expressly provided that fire protection districts were not liable for the tortious acts of

their agents. When this statute was repealed in 1969, § 321.220(3), RSMo 1969, was enacted specifically granting the districts the power "[t]o sue and be sued." It has been repeatedly held, however, that a statute providing for the waiver of immunity from suit does not waive immunity from tort liability. *Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d 348, 352[1, 2] (Mo.1964); *Todd v. Curators of University of Missouri,* 347 Mo. 460, 147 S.W.2d 1063, 1064[2] (1941). Sovereign immunity is a common law doctrine and repeal of § 321.-705 does not change that doctrine. *O'Dell v. School District of Independence, supra,* 521 S.W.2d 403. No statutory section specifically referring to tort liability of fire districts has been enacted. No such liability has been created. Plaintiffs have no cause of action against Pacific Fire Protection District.

## IV. SOUTHWESTERN BELL TELEPHONE CO.

■ Plaintiffs allege that Southwestern Bell operated a telephone and alarm system used by defendant fire departments to dispatch fire fighting personnel in emergencies. Specifically, they allege that on the afternoon of June 17, 1973 this alarm system negligently malfunctioned "with the direct result that the defendant Lang responded to said false alarm and drove his vehicle in [a] negligent manner" thereby injuring plaintiffs. Respondent's motion to dismiss for failure to state a claim was sustained without written opinion. Plaintiffs' petition is defective, not because it contains insufficient facts to state a claim, but because, as respondent has observed, it has pleaded too much.

■ Plaintiffs base their cause of action on the proposition that companies are liable for the results of their negligence in transmitting messages. *Reed v. Western Union Tel. Co.,* 135 Mo. 661, 37 S.W. 904, 905 (1896). Negligent parties, however, are only held liable for the proximate and fore-

---

3. Respondent specifically referred to § 321.705, RSMo 1959, which was repealed in 1969 as part of the complete revision of Chapter 321.

seeable results of their actions. *Gottman v. Norris Construction Co.*, 515 S.W.2d 861, 863[1] (Mo.App.1974). If no danger existed to plaintiffs until the intervention of an independent negligent act, the first negligent act is not the proximate cause. *King v. Ellis*, 359 S.W.2d 685, 689[5] (Mo.1962); *Duke v. Missouri Pacific Railroad Co.*, 303 S.W.2d 613, 617[4] (Mo.1957).

█ Plaintiffs have alleged that defendant Lang drove at an excessive speed, failed to keep a lookout, failed to swerve, gave no warning sound, did not have his automobile in control, was driving on the wrong side of the road, and swerved into plaintiffs' motorcycle. Even if only some of these acts of negligence were proven at trial, they would be sufficient to form an independent cause for plaintiffs' injuries. Where it is clear defendant's negligence was not the proximate cause of plaintiffs' injury, a case may properly be dismissed for failure to state a claim. *Smith v. Mabrey*, 348 Mo. 644, 154 S.W.2d 770, 771[1–4] (1941); *Lewis v. Esselman*, 539 S.W.2d 581 (Mo.App.1976). Respondent was properly dismissed from this action for this reason.

Judgment affirmed.

McMILLIAN and RENDLEN, JJ., concur.