**Barry G. SIMMONS, Plaintiff-Appellant,**

v.

**AMERADA HESS CORPORATION and Brown & Root, Inc., Defendants-Appellees.**

No. 78–3650.

United States Court of Appeals, Fifth Circuit.

June 18, 1980.

William E. Andrews, Jr., Purvis, Miss., for plaintiff-appellant.

Zachery & Gillespie, Jere R. Ramsay, George E. Gillespie, Hattiesburg, Miss., for Brown & Root.

Before WISDOM, RONEY and HATCHETT, Circuit Judges.

PER CURIAM:

This case involves a settled doctrine of Mississippi negligence law: An act which merely furnishes the condition or occasion upon which injuries are received, but which does not put in motion the agency by or through which the injuries are inflicted, does not constitute the proximate cause of the harm. *Mississippi City Lines, Inc. v. Bullock*, 194 Miss. 630, 13 So.2d 34, 36 (1943). Based on this doctrine, we affirm the district court's entry of summary judgment against an injured plaintiff in favor of defendant, and decide that defendant's motion was not premature, as argued by plaintiff, because the as yet uncompleted discovery would not have created an issue of fact on this controlling principle. Because the controlling facts had been developed fully, any issues created by further discovery would not defeat the summary judgment.

Plaintiff Barry G. Simmons was injured while working as an industrial employee of Broome Construction Co. Broome and defendant Brown & Root, Inc. had been hired by Amerada Hess Corp. to perform maintenance on Hess' Purvis, Mississippi, refinery during July of 1977. A Brown & Root repair crew on July 27 had completed work on a valve mechanism at the refinery, but had apparently misaligned two valves in a way that made any attempt to reposition them potentially dangerous. The following day a Broome Construction Co. crew attempted to remove the valves and place them in their proper configuration.

The first valve was repositioned by the crew without incident. While attempting to lower and remove the second valve, however, plaintiff Simmons was struck by the valve in his back and injured. The Broome crew was acting under the supervision of a Hess foreman, and was using equipment furnished by Hess. There were no Brown & Root employees at the site at the time, that firm's work in the area having been completed the previous day.

Only Brown & Root's alleged negligence is at issue on this appeal. The claim against Amerada Hess Corp. was dismissed by the district court without prejudice on plaintiff's motion.

Although the district court's summary judgment states merely that there was no genuine issue of material fact as to the liability of Brown & Root, and "that as a matter of law there is no actionable negligence by the Defendant, Brown & Root, Inc.," it is apparent the district court's conclusion was predicated on the Mississippi negligence principle of remote causation:

> [N]egligence is remote and non-actionable which merely causes a person to be at a particular place at a particular time where such person is injured as a result of the negligent act of another, who puts in motion a different and intervening cause which efficiently leads in unbroken sequence to the injury. . . . If the act complained of is only a remote cause, superseded by an independent, efficient intervening cause that leads in unbroken sequence to the injury, the original negligent act is not a proximate, but a remote, cause.

*Robison v. McDowell*, 247 So.2d 686, 689 (Miss.1971); *see Prarie Livestock Co. v. Chandler*, 325 So.2d 908, 910 (Miss.1976); *Milam v. Gulf, M. & O. R. R.*, 284 So.2d 309, 313–14 (Miss.1973); *Pargas v. Craft*, 249 So.2d 403, 408 (Miss.1971); *Capitol Tobacco*

& Specialty Co. v. Runnels, 221 So.2d 703, 705–06 (Miss.1969); Saucier v. Walker, 203 So.2d 299, 304–05 (Miss.1967); Hoke v. W. L. Holcomb & Associates, Inc., 186 So.2d 474, 476–77 (Miss.1966); City of Laurel v. Upton, 253 Miss. 380, 175 So.2d 621, 625–26 (1965); Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243 (1956); E. I. DuPont de Nemours & Co. v. Ladner, 221 Miss. 378, 73 So.2d 249, 255–56 (1954); Stewart v. Kroger Grocery Co., 198 Miss. 371, 21 So.2d 912, 914 (1945); Mississippi City Lines, Inc. v. Bullock, 194 Miss. 630, 13 So.2d 34, 36 (1943).

Even assuming Brown & Root was guilty of negligence in improperly locating the valves, Simmons cannot complain of that negligence since, at the time he suffered his injuries, he was under the direction of the Hess supervisor, using Hess equipment, and his injuries were proximately caused by the way the work was being done, not by the fact that it had to be done. The Broome Construction crew was aware the valves had been positioned incorrectly, especially after one valve had already been aligned properly. Accordingly, based upon the Mississippi authorities, Brown & Root's acts were at best the remote cause of plaintiff's injuries. See Pargas v. Craft, 249 So.2d 403, 408 (Miss.1971); Hoke v. W. L. Holcomb & Associates, Inc., 186 So.2d 474, 476–77 (Miss.1966). The district court therefore properly held Brown & Root entitled to judgment as a matter of law.

Since defendant Brown & Root was entitled to judgment as a matter of law based upon undisputed facts developed at least in part from plaintiff's own deposition, the argument that summary judgment was premature because plaintiff had no opportunity to complete his discovery must fail. Discovery would only have created issues concerning Brown & Root's negligence, which is assumed for the purpose of this decision, or the negligence of Broome or Hess, for which Brown & Root has no legal responsibility.

AFFIRMED.