THOMAS-KINCANNON-ELKIN DRUG Co., INC., *v.* HENDRIX.

(Division A. May 25, 1936.)

[168 So. 287. No. 32242.]

**Blair & Anderson,** of Tupelo, for appellant.

C. B. Hutchinson, of Tupelo, for appellee.

770

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment against the appellant and Clyde Smith for the commission of a tort against the appellee. Smith did not appeal.

The appellant is engaged in the retail drug business, including the sale of soft drinks. Clyde Smith was employed by it to sell such drinks, in doing which he sometimes mixed medicine with the drinks at the request of the customer. The appellee is an employee of the Western Union Telegraph Company, with which company the appellant had an arrangement by which its messenger boys delivered packages for the appellant.

According to the evidence for the appellee, he was called to the appellant's place of business, but by whom does not appear, and on arriving there Smith said to him: "Here's a malted milk a lady called for about an hour ago . . . you can have it." The appellee drank the malted milk and immediately became very nauseated, continuing so for several days. A few minutes prior to the delivery of the drink to the appellee, Smith had put into it a part of the contents of a box of Ex-Lax, saying that he intended to give it to one of the boys. Ex-Lax is a laxative to be taken in small quantities. All this was denied by Smith, who stated that he had poured out a soft drink for another person without adding anything thereto, and that that person gave it to the appellee. The jury accepted the appellee's version of the matter.

The appellant requested, but was refused, an instruction directing the jury to return a verdict in its favor. This instruction should have been granted.

Smith's employment, as disclosed by the evidence, was simply to sell soft drinks for the appellant; and there is nothing in the evidence charging the appellant with any reason to suspect that he would in any way depart therefrom. In administering the drug to the appellee, if such he did, he acted wholly without the scope of his employment, not in furtherance of the appellant's business, and solely for a purpose of his own. It is true that for the accomplishment of that purpose he used facilities supplied him by the appellant; nevertheless it is not liable for the injury thereby inflicted on the appellee. 1 Restatement of the Law of Agency, sec. 238; 39 C. J. 1296; Canton Cotton Warehouse Co. v. Pool, 78 Miss. 147, 28 So. 823, 84 Am. St. Rep. 620.

The judgment of the court below will be reversed in so far as it imposes liability on the appellant, and the cause as to it will be dismissed.

Reversed and dismissed.