247 So.2d 686 (1971)
Fate ROBISON, Jr.
v.
Joseph Forest McDOWELL, Jr.
No. 46185.
Supreme Court of Mississippi.
April 5, 1971.
Rehearing Denied May 17, 1971.
Butler, Snow, O'Mara, Stevens & Cannada, W. Scott Welch, III, Roger C. Landrum, Jackson, Holcomb, Connell & Fleming, Clarksdale, Wilroy, Wilroy & Hagan, Hernando, for appellant.
Walker, Franks, Rone & Bridgforth, James E. Woods, Hernando, for appellee.
GILLESPIE, Presiding Justice:
Joseph Forest McDowell, Jr., plaintiff, sued Fate Robison, Jr., P. Layton Sanders, and Hart H. Johnson for personal injuries sustained by plaintiff when a pickup truck being driven by defendant Johnson ran into the rear of a pickup truck operated by plaintiff. It was alleged that a tractor owned by defendant Sanders and operated by defendant Robison entered the highway without stopping and blocked both lanes of the highway; that plaintiff had to stop, and defendant Johnson negligently ran into the rear of plaintiff's truck. Numerous acts of negligence are charged against the defendants. The plaintiff nonsuited as to defendant Sanders. The jury returned a verdict in favor of plaintiff against defendants Fate Robison, Jr. and Hart H. Johnson. Only Fate Robison, Jr. appealed.
*687 We hold that the trial court should have granted the peremptory instruction requested by defendant Robison. Therefore, the facts are stated in the light most favorable to plaintiff.
The collision occurred in the day time about twenty feet north of the Lake Cormorant Bridge on U.S. Highway No. 61 a few miles sourth of Walls, Mississippi. The bridge is 331.2 feet long and 24 feet wide. The Lake Side Road intersects Highway No. 61 a few feet south of the bridge. Highway No. 61 runs generally north and south and is straight for at least a half mile north of the bridge. The highway and the bridge are designed for two lanes of traffic.
Defendant Robison was operating a farm tractor with a disc attached which was 12'10" wide. The disc and tractor were being moved across the bridge in order to reach a field near the north end of the bridge. Defendant Robison entered the highway from the Lake Side Road without stopping, and his tractor and disc made a curving maneuver which placed the left end of the disc about halfway into the south bound lane. As defendant Robison straightened the tractor, moving north, the tractor part was in the north bound lane, but the disc extended over into the south bound lane three or four feet.
Plaintiff was driving a pickup truck traveling south approaching the bridge at a speed of between 45 and 55 miles per hour. Plaintiff was driving to a job site, and the defendant Johnson was following in his pickup truck. Plaintiff and defendant Johnson worked for the same firm and were traveling to the same job. Plaintiff was leading defendant Johnson to the job site because Johnson was unfamiliar with the route.
When defendant Robison pulled his tractor onto the highway from Lake Side Road at the south end of the bridge, plaintiff saw him, and at that time plaintiff was more than 200 feet north of the bridge and between 500 and 600 feet from Robison. When plaintiff first saw the tractor, he began slowing down, and when the tractor straightened out, and plaintiff saw the disc extending into the south bound lane, he applied his brakes. Plaintiff described his stop as follows: "Yes, but of course it would mean less than a panic stop. I didn't slam on brakes to slide to a halt. It was something that I did as immediately as instinct would allow. In other words, I allowed the car to slow safely on the pavement before I pulled off." Plaintiff stopped before he reached the bridge so that Robison could complete his crossing without the necessity of the two vehicles meeting on the bridge.
Plaintiff drew a diagram on the engineer's plat of the highway and the bridge which showed that after slowing down as stated, he turned off of the pavement onto the shoulder about 100 feet north of the bridge. He traveled on the shoulder to a point 15 or 20 feet from the bridge. The plaintiff then stopped his pickup truck on the shoulder with its left wheels two or three feet to the right of the pavement. Then, in plaintiff's words, "I had taken my arm off the steering wheel, my hand off of the wheel, and I was sitting there with one hand on the wheel and I was looking out." Plaintiff was not sure how far the defendant Robison had proceeded onto the bridge, but he was watching the tractor proceed north on the bridge. Prior to approaching the bridge, plaintiff had observed defendant Johnson's pickup truck following him at a distance of about 300 feet. Shortly after plaintiff stopped, defendant Johnson's pickup truck ran into the left rear of plaintiff's truck and drove plaintiff's truck forward into the bridge abutment. At the time of the collision the tractor driven by defendant Robison was near the middle of the bridge.
According to defendant Johnson, who was 81 years old at the time, he was following the plaintiff to the job site, and *688 they were driving between 55 and 60 miles per hour with the plaintiff about 300 feet ahead of Johnson. As they approached the bridge McDowell stopped all at once without giving any signal. Johnson stated that from the time he observed that plaintiff was stopping, plaintiff's vehicle traveled only ten feet before coming to a complete stop. Thus, according to his own statement, defendant Johnson either failed to keep a proper lookout or was following too closely, or both. Johnson testified that he did not know just why the plaintiff stopped and that he saw nothing at that time to make him stop. Neither defendant Johnson nor the passenger in his truck saw the tractor until after the collision.
Defendant Robison assigns as error the refusal of the trial court to grant his request for a peremptory instruction.
If the verdict is to stand the evidence must show (1) that Robison was negligent, and (2) that his negligence was a proximate cause of the collision. Numerous acts of negligence were charged, and this Court is of the opinion the jury was justified in finding that Robison failed to stop before entering Highway No. 61, which is a through highway, and in so doing violated Mississippi Code 1942 Annotated, Section 8197 (1956). While not necessary to this decision, it seems appropriate to say that the facts clearly show that although Robison failed to stop before entering the through highway, it is undisputed that plaintiff's vehicle had not approached so closely on the through highway as to constitute an immediate hazard. When Robison entered the highway plaintiff was considerably further than 500 feet from the intersection, and plaintiff slowed down and stopped north of the bridge without sliding. It should also be noted that under the provisions of Mississippi Code 1942 Annotated, Section 8264 (1956) the temporary movement of the tractor with disc attached did not violate Section 8265 with reference to width. The jury was justified in finding that Robison was negligent in two respects, (a) entering the through highway without stopping, and (b) operating his tractor with the attached disc extending three or four feet into the south bound lane. The remaining question is whether the negligence of Robison was a concurring proximate cause of the plaintiff's injuries, or whether the negligence of defendant Johnson was an independent, intervening and efficient cause of the plaintiff's injuries which superseded the negligence of Robison.
The jury was justified in finding as a fact that because plaintiff saw the disc extending three or four feet into the south bound lane he decided not to pass the tractor on the bridge. At that time plaintiff was far enough north of the bridge to allow him to slow down, then turn onto the right shoulder and stop about twenty feet from the bridge. There is no evidence that the tractor was any further north than halfway across the bridge when the collision took place. The negligence of Robison was a cause of the collision only to the extent that it was a factor in plaintiff's decision to park on the shoulder of the road north of the bridge. But the question here is not one of causation, but one of whether Robison's negligence was the proximate cause of the collision. More precisely, whether the intervening negligence of defendant Johnson superseded that of Robison and became the proximate cause, thus rendering the negligence of Robison a remote and nonactionable cause.
This Court said in Hoke v. W.L. Holcomb & Asso., Inc., 186 So.2d 474 (Miss. 1966) and in the prior case of Mississippi City Lines, Inc. v. Bullock, 194 Miss. 630, 13 So.2d 34 (1943), that negligence which merely furnished the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. In Bullock, the defendant negligently parked the bus on which plaintiff was a passenger in a restricted zone, and this wrongful act was the cause of the minor *689 plaintiff crossing the street at the particular point where a negligent motorist ran him down. In Hoke the defendant was negligent in allowing a safe method of crossing the highway to become unusable and thereby causing plaintiff to cross at street level where he was run down by a negligent motorist. The cited cases hold that negligence is remote and non-actionable which merely causes a person to be at a particular place at a particular time where such person is injured as a result of the negligent act of another, who puts in motion a different and intervening cause which efficiently leads in unbroken sequence to the injury. Under the cited cases and Green v. Hodges, 227 Miss. 475, 86 So.2d 335, Sug. of Error and Motion to Dismiss Appeal Overruled 87 So.2d 87 (1956), the foreseeability rule is not satisfied. The requirements of the law as to foreseeability can probably be better expressed in terms of how far the responsibility of an actor extends. If the act complained of is only a remote cause, superseded by an independent, efficient intervening cause that leads in unbroken sequence to the injury, the original negligent act is not a proximate, but a remote, cause. Thus, not being foreseeable, the original cause is not actionable. In our view, when measured by the settled rules of the law of negligence, Robison is not liable.
The cases relied upon by plaintiff involve facts fundamentally different and are not persuasive. In Canton Broiler Farms, Inc. v. Warren, 214 So.2d 671 (Miss. 1968), the negligence of defendant in failing to put out flares was a continuing act of negligence which was a direct and proximate cause of the collision, and the collision was a normal incident of the risk created by the defendant's negligence. Nobles v. Unruh, 198 So.2d 245 (Miss. 1967), involved a typical case of two concurring proximate causes of a collision. In Whitten v. Land, 188 So.2d 246 (Miss. 1966), the defendant Williams' negligence in operating a disabled panel truck resulted in it stalling in a public highway (the same as if he had parked blocking the traffic lane). Land, the plaintiff, came up behind Williams' parked panel truck, but could not pass because of oncoming traffic. Thus, Land was forced to remain stopped in a main highway and was so stopped when he was rear-ended and knocked into the Williams' vehicle. In that case Williams' negligence was continuing and active to the moment of the collision. Not only was some injury foreseeable, but that which did happen was most probable.
It is unnecessary to decide the other questions raised by Robison's assignments of error.
There being no issue to submit to the jury, the judgment of the trial court is reversed, and judgment is entered here for Robison.
Reversed and rendered.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.