325 So.2d 908 (1976)
PRAIRIE LIVESTOCK COMPANY, INC.
v.
H.T. CHANDLER.
No. 48452.
Supreme Court of Mississippi.
January 27, 1976.
Williams, Gunn, Eppes & Crenshaw, Robert D. Jones, Meridian, for appellant.
Warner & Ray, Meridian, Coleman & Cothren, Jackson, for appellee.
Before RODGERS, INZER and SMITH, JJ.
SMITH, Justice:
In a suit for damages for personal injuries tried in the Circuit Court of Lauderdale County, H.T. Chandler Jr., recovered a judgment against Prairie Livestock Company, Inc., in the amount of $10,000, and the latter appeals.
*909 The episode, out of which the action arose, is correctly described in the briefs as bizarre. It took place at a public cattle sale and involved three individuals who were cattle buyers, one of whom was Boyce Davis, a buyer for appellant, Prairie.
When Boyce Davis entered the stands which surrounded the arena, the other two buyers, James Crenshaw and Willie Jim Mitchell, with neither of whom Boyce or Prairie had any connection whatever, were already seated. Mitchell was sitting in the row back of Crenshaw, and was occupying a seat behind that occupied by Crenshaw. Davis thought there was a vacant seat in the row in which Crenshaw was sitting and started to enter the row. This required him to get by the seated Crenshaw. Davis was mistaken or the seat he had in mind was filled before he could get to it. When he observed this, he jokingly requested Crenshaw (with whom he was acquainted), to give him, Davis, his seat and playfully sat down on Crenshaw's lap for a moment. Mitchell, sitting behind Crenshaw, immediately then and without warning, "goosed" Crenshaw from behind. This caused Crenshaw to react violently by suddenly jumping up and hurling Davis bodily down the aisle steps which descended between the sections of seats. The body of the falling Davis, in the course of his fall, struck Chandler, who was sitting on the steps in the aisle a few rows down.
Prairie's request for peremptory instruction was denied and the facts were submitted to a jury which returned a verdict for Crenshaw against Prairie in the amount of $10,000.
The principal grounds assigned for reversal will be discussed in the order following and are that Prairie was not liable because:
(1) The act of Davis was not within the scope of Davis' employment by Prairie or in furtherance of Prairie's business.
(2) Davis' action was mere horseplay and was such a complete departure from the scope of his employment by Prairie and from any business of Prairie that it imposed no liability on Prairie therefor.
(3) The act of Mitchell in suddenly "goosing" Crenshaw, without warning, could not reasonably have been foreseen or anticipated by Davis, and was the independent, intervening and efficient proximate cause of Chandler's injury and, therefore, if Davis' action in sitting momentarily on the lap of Crenshaw was negligence, it was only a remote cause of Chandler's injury and was superseded and insulated by the intervening act of Mitchell.
(1) In Grier v. Thomasson, 254 Miss. 491, 495, 182 So.2d 398, 399 (1966), it is stated:
This Court has repeatedly held that it is incumbent upon the claimant under the doctrine of respondent superior to show that the employee was acting within the scope of his employment in order to hold the employer responsible for the negligence of the servant.
In Lovett Motor Co., Et al. v. Walley, 217 Miss. 384, 390, 64 So.2d 370, 372 (1953), this Court stated:
The question as to whether or not the servant in the particular instance was acting within the scope of his employment is a question of law for the court if there is no conflict in the facts, but if there is conflict in the facts then it is a question to be submitted to the jury. (Emphasis added).
In Stovall v. Jepsen, 195 Miss. 115, 122, 13 So.2d 229, 230 (1943), this Court said:
... If a servant steps aside from the master's business for some purpose of his own disconnected from his employment, the relationship of master and servant is temporarily suspended and "this is so no matter how short the time, and the master is not liable for his acts during such time." ... (Emphasis added).
*910 In Canton Cotton Warehouse Co. v. Pool, 78 Miss. 147, 157, 28 So. 823, 824 (1900), the rule was stated thus:
... The inquiry is not whether the act in question in any case, was done, so far as time is concerned, while the servant was engaged in the master's business, nor as to mode or manner of doing it; whether in doing the act he uses the appliances of the master, but whether, from the nature of the act itself as actually done, it was an act done in the master's business, or wholly disconnected therefrom by the servant, not as servant, but as an individual on his own account... . (Emphasis added).
(2) In Thomas-Kincannon-Elkin Drug Co. v. Hendrix, 175 Miss. 767, 771, 168 So. 287, 288 (1936), the plaintiff was given a drink containing a large quantity of Ex-Lax by an employee at a soda fountain. In reversing the lower court and entering judgment for the defendant, this Court stated:
Smith's employment, as disclosed by the evidence, was simply to sell soft drinks for the appellant; and there is nothing in the evidence charging the appellant with any reason to suspect that he would in any way depart therefrom. In administering the drug to the appellee, if such he did, he acted wholly without the scope of his employment, not in furtherance of the appellant's business, and solely for a purpose of his own. It is true that for the accomplishment of that purpose he used facilities supplied him by the appellant; nevertheless it is not liable for the injury thereby inflicted on the appellee... .
This rule is in keeping with the authorities generally. In 57 C.J.S., Master and Servant § 574c (1948), the text writer states as follows:
If the servant does an act merely to frighten a third person or an animal or to perpetrate a joke on a third person, and the act is entirely disconnected from the purpose of the employment, the master generally is not liable therefor.
(3) The rule is stated in Mississippi City Lines v. Bullock, 194 Miss. 630, 639-640, 13 So.2d 34, 36 (1943):
... Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. The question is, did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the alleged wrong and the injury? ...
In Sturdivant v. Crosby Lumber & Manufacturing Co., 218 Miss. 91, 100-101, 65 So.2d 291, 295 (1953), the Court had this to say:
The likelihood of the result happening must be more than a remote possibility to fulfill the requirements of this rule of liability. The likelihood "which furnishes the essential ligament between the negligence and the injury must be one of weight and moment." Mauney v. Gulf Refining Co., supra. The area of foreseeable liability does not include remote possibilities. The legal standard of the reasonable man can be guided only by a reasonable estimate of probabilities.
Milam v. Gulf, Mobile & Ohio Railroad Co., 284 So.2d 309 (Miss. 1973), approves language contained in Robison v. McDowell, 247 So.2d 686, 689 (Miss. 1971):
... The requirements of the law as to foreseeability can probably be better expressed in terms of how far the responsibility of an actor extends. If the act complained of is only a remote cause, superseded by an independent, efficient intervening cause that leads in unbroken sequence to the injury, the original negligent act is not a proximate, but a remote, *911 cause. Thus, not being foreseeable, the original cause is not actionable. In our view, when measured by the settled rules of the law of negligence, Robison is not liable.
The facts in the present case are undisputed in the record.
The testimony that Crenshaw's involuntary action in throwing Davis down the steps resulted solely from Crenshaw's involuntary reaction when he was, without warning, unexpectedly goosed by Mitchell is uncontradicted. Crenshaw himself testified:
Q. Did Boyce (Davis) do anything to you to cause you to throw him down the steps or was that something Mitchell did?
A. Mitchell was the one that caused the whole outfit.
Davis, Mitchell and Crenshaw were not made defendants to the suit. Neither Prairie nor Davis had any connection with Mitchell or Crenshaw. Liability of Prairie must rest upon a theory of agency or respondeat superior and required that it be shown that Davis was acting within the scope of his employment or in the furtherance of Prairie's business. This clearly was not the case. Davis' entire contribution to the events which resulted in the injury of Chandler was restricted to his jokingly requesting Crenshaw to give him his seat and in playfully sitting down on Crenshaw's lap. This personal prank on the part of Davis in no way furthered Prairie's business and was not within the scope of Davis' employment by Prairie. The "goosing" of Crenshaw by Mitchell, was exclusively Mitchell's idea and act, and Davis was associated with neither. The precipitating act was done by Mitchell, entirely without warning, and could not reasonably have been foreseen by Davis.
The peremptory instruction requested by Prairie should have been granted.
The case was considered by a conference of the Judges en banc.
Reversed and judgment here for appellant.
All Justices concur except RODGERS, P.J., and INZER, J., who dissent.