**Willie James BOYD, et al., Kennard Brown, et al., and James Williams, et al., Plaintiffs,**

v.

**CONTINENTAL BAKING COMPANY, a Delaware Corporation and Heartland Express, Inc., a Nevada Corporation, Defendants.**

Nos. 3:93CV37–B–D, 3:93CV38–B–D and 3:93CV39–B–D.

United States District Court,
N.D. Mississippi,
Western Division.

May 25, 1995.

**914**

Morris Collins Bailey, Bailey, Cook & Womble, Batesville, MS, for plaintiff.

Robertson M. Leatherman, Jr., Armstrong Allen Prewitt Gentry Johnston & Holmes and Robert L.J. Spence, Jr., Hardison Law Firm, Memphis, TN, for Continental Baking Co.

William C. Spencer, Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, for Heartland Exp., Inc.

Melanie McCaa Shuttleworth, Shuttleworth & Wilkinson, Memphis, TN, for Emma Curry and Clarence E. Curry, Jr.

---

### MEMORANDUM OPINION

BIGGERS, District Judge.

These consolidated actions come before the court on the motions for summary judgment filed by defendants Heartland Express, Inc. [Heartland] and Continental Baking Company [Continental]. The court has duly considered the parties' memoranda and exhibits and is ready to rule.

### I. Facts

These actions were brought on behalf of the wrongful death beneficiaries of Ruby Armstrong, Alice Boyd and Glenda Williams. The following facts are undisputed. On March 7, 1992, at approximately 6:30 a.m., a collision occurred between vehicles operated by third-party defendant Clarence E. Curry and Thomas Lane, Continental's employee, at the intersection of U.S. Highway 61 and Star Landing Road in Desoto County, Mississippi [the first accident]. These vehicles came to rest on Highway 61. At the time of the accident a dense fog covered the area, resulting in extremely poor visibility. Lane was killed instantly. Within minutes of the first accident, Jeffrey Todd Parsons, operating an 18-wheeler tractor-trailer as Heartland's employee, approached the intersection traveling north on Highway 61. Leo Allred, a driver who had discovered the intersection collision, flagged down Parsons approximately 250 feet south of the intersection. Due to the extremely poor visibility and dense fog, Parsons could not visualize the wrecked vehicles or the flashing lights of the emergency vehicles. Allred advised Parsons of the collision and told him that he could not proceed through the intersection. Parsons stopped the tractor-trailer in the northbound lane of Highway 61. The vehicle driven by Ruby Armstrong and occupied by Alice Boyd, Glenda Williams and Mareo Boyd[1] rear-ended Heartland's tractor-trailer [the second accident].

The complaints allege that Lane and Parsons were negligent and that Continental and Heartland are vicariously liable under the doctrine of respondeat superior. Lane was

---

1. Mareo Boyd survived the accident and has filed a separate personal injury action, Cause No.

3:95CV031–B–A.

allegedly negligent in failing to maintain a reasonable and proper lookout for vehicles on Highway 61, failing to yield the right of way to the Curry vehicle, failing to direct traffic after his collision, failing to place flares or other warning devices on Highway 61, failing to direct the Heartland vehicle off the roadway, and committing "other negligent acts to be shown at the trial of this case." Parsons was allegedly negligent in failing to maintain a reasonable and proper lookout for northbound vehicles on Highway 61, blocking the northbound lane on Highway 61, failing to pull onto the shoulder or forward onto Star Landing Road, failing to place flares or other warning devices at the rear of the Heartland tractor-trailer, failing to position himself at the rear of the tractor-trailer to safely flag down approaching traffic, and committing other negligent "acts to be shown at the trial of this case."

## II. Heartland's Motion for Summary Judgment

■ In opposition to Heartland's motion, the plaintiffs submit the affidavits of Robert James White and Willie White, Jr., eyewitnesses of the second accident. Heartland moves to strike the affidavits on the grounds that they contain conclusory opinions which the affiants are incompetent to offer and do not set forth facts admissible at trial, as required under Rule 56(e) of the Federal Rules of Civil Procedure. The affidavits set forth the affiants' belief that the second accident would not have occurred had Parsons placed warning signs or flares behind the Heartland tractor-trailer or moved the tractor-trailer onto the shoulder of the highway or past the first accident scene. The court finds that the affiants' opinions invade the province of the jury on the issues of negligence and causation and should be stricken as inadmissible. *See Conde v. Velsicol Chemical Corp.,* 804 F.Supp. 972, 992 (S.D. Ohio 1992) ("Affidavits may properly be considered only if the material in the affidavit would be admissible at trial"), *aff'd,* 24 F.3d 809 (6th Cir.1994). Therefore, the motion to strike should be granted in part.

Heartland concedes that certain factual portions of the affidavits create an issue of material fact with respect to the timing of Parsons' arrival at the scene and the second accident and therefore, summary judgment would be inappropriate as to Parsons' alleged negligent failure to place warning devices at the rear of the tractor-trailer.

■ On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the nonmovant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274, 275. That burden is not discharged by "mere allegations or denials." Rule 56(e). All legitimate factual inferences must be made in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

■ Upon due consideration, the court finds that there are genuine issues of material fact regarding the remaining allegations of negligence, including but not limited to whether Parsons reasonably could have parked the tractor-trailer on the shoulder of the highway without obstructing the traffic lane or proceeded through the intersection and whether Parsons had sufficient time to

assess his parking options. Therefore, Heartland is not entitled to summary judgment.

### III. Continental's Motion for Summary Judgment

Continental moves for summary judgment on the grounds that, as a matter of law, any negligence on the part of Lane in causing the first accident did not proximately cause or contribute to the second accident. It is undisputed that Lane, the driver of Continental's vehicle, was killed instantly in the first accident. Therefore, the allegations of negligence regarding acts or failure to act after the first accident cannot be attributable to Lane.

Miss.Code Ann. § 11–7–17 provides: "All questions of negligence and contributory negligence shall be for the jury to determine." "Where, however, there is no issue of fact, then the court determines the negligence question." *McGee v. Bolen*, 369 So.2d 486, 493 (Miss.1979). Continental contends that, assuming *arguendo* that Lane was negligent and that his negligence caused the first accident, there is no question of fact as to proximate causation of the second accident. The plaintiff contends that reasonable minds could differ as to whether the first accident was the proximate or contributing cause of the second accident. *See Matthews v. Thompson*, 231 Miss. 258, 95 So.2d 438, 448 (1957) ("when reasonable minds might differ on the matter, the question of what is the proximate cause of an injury is usually a question for the jury"). The court in *Matthews* further stated:

> If reasonable men have a difference of opinion as to whether or not the negligence of the actor *continued* as a substantial factor in bringing about the injury, then the question is for the jury.

*Id.* (quoting Restatement, Law of Torts, § 434) (emphasis added).

■ The following rule of intervening cause is well settled in Mississippi:

> Although one may be negligent, yet if another, acting independently and voluntarily, put in motion another and intervening cause which efficiently thence leads unbroken in sequence to the injury, the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, a non-actionable cause. Negligence, which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof.

*Foster v. Bass*, 575 So.2d 967, 982 (Miss.1990) (quoting *Glorioso v. YMCA of Jackson*, 556 So.2d 293, 296 (Miss.1989)). A gas corporation that failed to keep its street excavation filled was held liable for the injuries of a motorcyclist struck by a vehicle dodging the excavation. *Public Service Corp. v. Watts*, 168 Miss. 235, 150 So. 192 (1933). The court stated:

> If the force which causes the injury is put in operation or motion by what is the negligence of the defendant, and that force or motion is still in progress or operation and has not lost its identity and continuity, as such, when the injury occurs, then the negligence which puts the injurious force in operation is the proximate cause.

*Id.* at 194. The Mississippi Supreme Court has affirmed jury verdicts against drivers whose continuing acts of negligence, such as failing to put out warning flares or driving a disabled truck resulting in its stalling on a highway, proximately caused or contributed to the subject collision. *Canton Broiler Farms, Inc. v. Warren*, 214 So.2d 671 (Miss. 1968); *Whitten v. Land*, 188 So.2d 246 (Miss. 1966). These cases were distinguished in an action brought by a driver of a southbound truck against a driver who rear-ended him and the operator of a northbound tractor with an attached disc extending three to four feet into the southbound lane. *Robison v. McDowell*, 247 So.2d 686, 689 (Miss.1971). In *Robison* the plaintiff was more than 200 feet north of the bridge and 500 to 600 feet from the tractor when it entered the highway at the south end of the bridge. *Id.* at 687. The plaintiff stopped in order to avoid passing the tractor on the bridge and was rear-ended by the other defendant [Johnson], who admittedly failed to keep a proper lookout and/or was following too closely. *Id.* at 687,

688. The court held that Johnson's intervening negligence proximately caused the collision and that the tractor operator's negligence was a remote and nonactionable cause. *Id.* at 688, 689. The court distinguished the ruling in *Whitten* as follows:

> [The plaintiff] came up behind Williams' parked panel truck, but could not pass because of oncoming traffic. Thus, [the plaintiff] was forced to remain stopped in a main highway and was so stopped when he was rear-ended and knocked into the Williams' vehicle. In that case Williams' negligence was continuing and active to the moment of the collision.

*Id.* at 689.

Unlike the facts in *Whitten,* there was an independent, intervening cause in an action in which a tractor-trailer ran out of gas and stalled on a highway. *Saucier v. Walker,* 203 So.2d 299 (Miss.1967). While the driver [Williams] attempted to move the tractor-trailer onto the shoulder, it jackknifed and blocked most of one lane of traffic and the driver set out warning flares and reflectors. *Id.* at 301. The plaintiff was a passenger in a vehicle that arrived at the scene and was parked on the shoulder with approximately two feet of the vehicle on the pavement. *Id.* The plaintiff was in the parked vehicle when it was struck by another vehicle. *Id.* at 302. The court held:

> Assuming that Williams was negligent in allowing his vehicle to run out of fuel thereby causing its disability on the highway, that negligence was not the proximate cause of Saucier's injury.... Saucier got into the Campbell automobile of his own accord and he knew the danger of sitting in a parked automobile on a highway just as well as the cross-appellants, who were no more responsible for Saucier's injuries than they would be if Saucier had decided to stand in the northbound traffic lane.... The choice being entirely

up to Saucier, Williams' negligence, if any, was not the proximate cause of Saucier's injuries.

*Id.* at 304.

Since Lane was killed in the first accident, there can be no continuing negligence attributable to Lane that proximately caused or contributed to the second accident. The court further finds that there are no issues of material fact as to whether any negligence on the part of Lane in causing the first accident was anything other than a remote cause of the second accident. Therefore, Continental is entitled to summary judgment.[2]

### IV. Conclusion

For the foregoing reasons, the court finds that Heartland's motion should be denied and that Continental's motion should be granted.

An order will issue accordingly.

### *ORDER*

In accordance with the memorandum opinion this day issued, it is ORDERED:

That the motion to strike affidavits filed by defendant Heartland Express, Inc. is GRANTED in part;

That the motion for summary judgment filed by defendant Heartland Express, Inc. is DENIED;

That the motion for summary judgment filed by defendant Continental Baking Company is GRANTED and the plaintiffs' claims against Continental Baking Company are DISMISSED; and

That the third-party complaint filed by defendant Continental Baking Company against Clarence E. Curry, Jr. on April 15, 1993 is DISMISSED as moot.

2. On April 15, 1993, Continental filed a third-party complaint against Clarence E. Curry, Jr. alleging that if it is found liable to the plaintiff, it is entitled to recover from Curry all or part of the amount that may be adjudged against it in favor of the plaintiff. Since this third-party claim is dependent on the plaintiff's claim against Continental, it should also be dismissed. This pleading is not to be confused with Continental's subsequent third-party complaint filed on November 14, 1994 and amended third-party complaint filed on November 18, 1994 in these actions and consolidated personal injury actions brought by passengers in Curry's vehicle, Cause Nos. 3:93CV142 and 3:93CV143.